SPRAGUE, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 21—December 8, 1925.*

*Criminal law: Officer abstracting funds from bank: Intent as element of offense: Failure to allege wrongful intent: Immaterial error: Witness: Cross-examination of party: Instructions: Banks: When insolvent: Evidence as to unauthorized loans by defendant: Appeal: Harmless error.*

1. To constitute an offense under sec. 221.39, Stats., an officer of a bank charged with abstracting its funds must have done so with intent to wrong or defraud the bank.   p. 437.
2. In a prosecution under said sec. 221.39, Stats., the omission of the words "with intent to wrong and defraud the bank" from the information is not reversible error, in view of secs. 269.43, 274.37, and 355.23, where the defendant on appeal claims he proceeded on the theory that he was charged with embezzlement under sec. .4418 and was convicted for the wrong-

Sprague v. State, 188 Wis. 432.

ful abstraction of funds, since he did not seasonably object and was not misled, and it did not appear that if such words had been inserted the result would have been different. p. 438.

3. Said secs. 269.43 and 274.37, directing the court to disregard any error or defect not affecting the substantial rights of the adverse party, and prohibiting the reversal of a judgment by reason of such error or defect, applies to criminal as well as to civil actions. p. 438.

4. The subject of cross-examination and the extent to which it shall be permitted to go is very largely subject to the control of the trial court in the exercise of a sound discretion. p. 440.

5. When a party takes the stand in his own behalf either in a criminal or civil action and testifies as to matters affecting the merits of the controversy, he may be cross-examined as to any matters relevant to the issue. p. 440.

6. Defendant, who undertook to testify on the question whether he accepted for deposit moneys when he knew or had reason to know that the bank was insolvent, thereby subjected himself to cross-examination on the whole case. p. 440.

7. When a debtor of a bank has neglected and failed to pay either the principal or the interest on his obligation and repeated demands have failed to yield any return, his obligation cannot be treated as an asset within the meaning of the banking law, in view of sec. 221.36, Stats. p. 441.

8. When the state established that if items carried as assets by the bank were charged off in accordance with sec. 221.36, Stats., the assets of the bank would have been less than its liabilities, a *prima facie* case of the insolvency of the bank was made. p. 441.

9. An instruction that the bank was unsafe or insolvent, within the meaning of the statute, when the cash value of all of its assets, whether listed or not, realizable in a reasonable time on liquidation by its proprietors as ordinarily prudent persons would ordinarily close up their business, is not equal to its liabilities exclusive of stock liabilities, was sufficiently favorable to the defendant. p. 442.

10. Evidence of an unauthorized loan and the circumstances under which it was made was material as tending to show the manner in which the defendant dealt with the assets of the bank. p. 442.

ERROR to review a judgment of the circuit court for Bayfield county: E. C. HIGBEE, Judge. *Affirmed.*

Misappropriation of funds of a state bank.   The informa-
tion charged that plaintiff in error, hereinafter designated
the defendant, did unlawfully and feloniously embezzle, ab-
stract, and wilfully misapply unto his own use, without the
consent of his said employer, said Northern State Bank, a
certain sum of money, to wit, the sum of $7,200, in the first
count.   The second count was a like charge relating to a
sum of money amounting to $15,900, and the third count
a like charge with reference to a sum of money amounting
to $2,043.43.   The fourth count, relating to the sum of
$6,500, was dismissed.   The fifth count, relating to making
false reports, was likewise dismissed.   Three other actions
were pending against the defendant, the information in each
relating to the acceptance of deposits at a time when the
defendant knew or had good reason to know that the bank
was insolvent.   The four actions were consolidated and tried
as one.   The jury found the defendant guilty under the first,
second, and third counts in the first action, and guilty of
receiving moneys for deposit knowing and having good rea-
son to know that the bank was unsafe and insolvent in each
of the other actions.   The defendant was thereupon ad-
judged guilty and sentenced to seven years in the state prison
at Waupun upon each of the counts in the first action and
upon each of the charges contained in the other actions, all
of said terms of imprisonment, however, to run concur-
rently.   A writ of error was sued out to review the judg-
ment.

The cause was submitted for the plaintiff in error on the
brief of *A. J. O'Melia* of Rhinelander, and for the defend-
ant in error on that of the *Attorney General* and *J. E. Mes-
serschmidt,* assistant attorney general.

Rosenberry, J.   The defendant assigns error (1st) be-
cause the court erred in the admission of evidence; (2d) be-
cause the court erred in excluding material evidence and

in making certain remarks and rulings prejudicial to the defendant; (3d) because the first three counts in the first information upon which the defendant was found guilty charged no offense; and (4th) that as to the last three charges the court erred in not discharging the defendant because the evidence does not support the verdict. It is to be noted that the three several counts in the first information charged the defendant with having unlawfully and feloniously embezzled, abstracted, and wilfully misapplied certain sums of money. These counts were intended to charge an offense under sec. 221.39, Stats., but were so worded that they were broad enough to include embezzlement under sec. 4418. Sec. 221.39 is as follows:

"*Embezzlement, how punished.* Every president, director, cashier, officer, teller, clerk or agent of any bank or mutual savings bank who embezzles, abstracts or wilfully misapplies any of the moneys, funds, credits, or property of the bank or mutual savings bank, whether owned by it or held in trust, or who, without authority of the directors, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of the bank with intent in either case to injure or defraud the bank or mutual savings bank or any person or corporation, or to deceive any officer of the bank or mutual savings bank, or any other person, or any agent appointed to examine the affairs of such bank or mutual savings bank; or any person who, with like intent, aids, or abets any officer, clerk or agent in the violation of this section, upon conviction thereof shall be imprisoned in the state prison not to exceed twenty years."

Referring to these counts, the court in its instructions said:

"The crime of embezzlement involves the element of actual, lawful custody by the accused, and in this case the court is of the opinion that there is no evidence in the case

which would warrant you in finding that the defendant ever had the actual, lawful custody of any of the funds of the Northern State Bank, for the reason that no resolution of the board of directors was ever passed authorizing the defendant to make loan to himself or to withdraw or abstract any of its funds, and I therefore withdraw from your consideration the charge of embezzlement made against the defendant as charged in said counts."

It was argued on behalf of the defendant, however, that sec. 221.39 makes "intent to injure or defraud the bank a specific element of the offense and that that element of the offense was not charged in the information in any of the counts." On behalf of the State it is urged that the words "with intent in either case to injure or defraud the bank" apply only to that part of the statute following the first semicolon and not to that part which precedes the first semicolon. With this contention we cannot agree.

Having under consideration a somewhat similar statute, the supreme court of the United States said:

"It is true that the word 'abstract,' as used in this statute, is not a word of settled technical meaning like the word 'embezzle' as used in statutes defining the offense of embezzlement, and the words 'steal, take, and carry away,' as used to define the offense of larceny at common law. It is a word, however, of simple, popular meaning, without ambiguity. It means to take or withdraw from, so that to abstract the funds of the bank, or a portion of them, is to take and withdraw from the possession and control of the bank the moneys and funds alleged to be so abstracted. This, of course, does not embrace every element of that which under this section of the statute is made the offense of criminally abstracting the funds of the bank. To constitute that offense, within the meaning of the act, it is necessary that the moneys and funds should be abstracted from the bank without its knowledge and consent, with the intent to injure or defraud it or some other company or person, or to deceive some officer of the association, or an agent appointed to examine its affairs." *U. S. v. Northway,* 120 U. S. 327, 7 Sup. Ct. 580.

If there were any doubt as to the matter, it would seem to be concluded against the contention of the State by the last clause of the section, which provides, "or any person who with like intent aids or abets any officer, clerk or agent in the violation of this section," shall be punished, etc. It would be a curious result if an officer of a bank could be properly charged with abstracting its funds without charging that he did it with the intent to wrong or defraud the bank, but that an information charging one with aiding and abetting him would have to charge the aider and abettor with doing the wrongful act with intent to injure or defraud the bank. The trial court held correctly that the words applied to the abstraction of funds from the bank. He instructed the jury as follows: "If you are satisfied and convinced that on that date he wilfully abstracted funds of the bank with intent to injure or defraud the bank, then you should find him guilty; otherwise you should find him not guilty of the offense charged in the first count of the information;" and gave a like instruction with reference to the second and third counts. The defendant proceeded to trial apparently upon the theory that he was charged with embezzlement under sec. 4418. No attempt, however, was made by the State to prove that he had the lawful custody of any of the funds of the bank, which would be necessary in order to sustain a charge of embezzlement. The trial throughout proceeded upon the theory that he was charged with unlawfully abstracting the bank's funds with intention to injure and defraud the bank. The issue as to whether or not the abstraction was done with the intent to injure or defraud the bank was sharply litigated, and the defendant offered evidence to prove that he did it without wrongful intent and in many instances specifically denied a wrongful intent. There was no attempt to amend the information with respect to any of the counts. The question is, therefore, Can the conviction be sustained upon the three counts in the first information? It is contended by the defendant

that he went to trial upon an information charging an embezzlement and was convicted on one charging wrongful abstraction of funds, and that the court thereby substituted one charge for another. This is not a correct statement of the proposition. Had the defendant made seasonable objection, or had he been in any way misled, or if the issue as to the intent of the defendant with respect to the abstraction of the bank's funds had not been fully litigated, we should be inclined to hold that there was reversible error. There is nothing to indicate, however, that had the allegations been inserted in each of the three counts in the information in the first action the result would have been in the slightest degree different than it was without an amendment. Under the instructions of the court the jury could not have found the defendant guilty on any of the three counts in the first information unless they had found that he committed the offense with intent to wrong or defraud the bank. It is quite apparent that the defendant offered all of the evidence that could be produced tending to disprove his wrongful intent. The entire issue was sharply litigated. We think, under the circumstances, the provisions of secs. 269.43 and 274.37 are applicable. Sec. 269.43 provides:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

This section applies to criminal as well as to civil actions. *Brown v. State,* 127 Wis. 193, 106 N. W. 536.

Sec. 274.37 provides:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire

action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Sec. 355.23, Stats. 1925, provides:

"No indictment or information shall be deemed invalid nor shall the trial, judgment or other proceedings thereon be affected: . . .

"(4) By reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant."

There was no actual shifting of ground during the trial. The case made by the State was exactly that which was necessary to sustain a charge of unlawful abstraction of funds and not one of embezzlement. The issue presented by the State's case was met fully by the defendant. If the defendant deemed himself charged with the crime of embezzlement under sec. 4418 and wished to confine the trial to that issue, he should have made a motion to strike the words "abstracted and wilfully misapplied," which could only refer to an offense under sec. 221.39. Under the facts of this case, to hold that the omission of the words "with intent to wrong and defraud the bank" from the information constituted reversible error would be to exalt mere form above substance. No substantial right was denied the defendant, and he was in no way prejudiced.

It is urged on behalf of the defendant that the court erred in permitting the district attorney to cross-examine the defendant, who took the stand voluntarily in his own defense, on subjects other than those covered by his direct examination. Defendant's proposition is stated as follows:

"The particular proposition in this case is that the State, in attempting to prove insolvency, merely introduced evidence on a great majority of the particular assets attacked, that interest had not been paid. This of course did not prove insolvency, and on direct examination of the defend-

ant these items were not inquired about. However, the court on cross-examination permitted the State to cross-examine the defendant as to these items in an effort to bolster up their lack of proof that these items were bad, and all such testimony was taken subject to the defendant's objection and as not proper cross-examination."

The subject of cross-examination and the extent to which it shall be permitted to go is one very largely subject to the control of the trial court in the exercise of sound discretion. *Rea v. Missouri,* 17 Wall. 532, 542; *Shipley v. U. S.* 281 Fed. 134; *Earley v. Winn,* 129 Wis. 291, 109 N. W. 633; 3 Jones, Evidence (1st ed.) § 748.

In this case the jury was excused and the court heard arguments as to the extent to which the cross-examination should be permitted to go. Thereupon the court permitted the district attorney to cross-examine the defendant with respect to the transactions connected with the bank's insolvency. They are matters with which the defendant was fully familiar and involved the conduct of the bank's affairs by the defendant. When the defendant undertook to testify in his own behalf upon the merits of the case he subjected himself to cross-examination upon the whole case. 4 Jones, Evidence (3d ed.) p. 393, § 730, and cases cited. The question was whether or not the defendant accepted for deposit moneys when he knew or had reason to know that the bank was insolvent. To hold that his attorneys could call him and cross-examine as to a part of these matters and exclude cross-examination as to the remainder would be giving a very limited meaning to the term "subject matter" even if we were to apply the rule as to new matter in all its strictness. See 4 Wigmore, Evidence (2d ed.) p. 52, § 1890. When a party takes the stand in his own behalf either in a criminal or a civil action, and testifies as to matters affecting the merits of the controversy, we perceive no just reason why he should not be cross-examined as to any matters relevant to the issue. The trial court was certainly well within the limits of its discretion in this case.

It is also urged on behalf of the defendant that the evidence is not sufficient to sustain a finding of insolvency of the bank at the time the deposits in question were received. We have carefully examined the evidence and are fully satisfied that it is ample to sustain the finding of insolvency. The defendant seems to argue that the burden was upon the State to show the actual insolvency of every debtor of the bank whose credit was brought in question. When a bank's debtor has neglected and failed to pay either the principal or the interest upon his obligation and repeated demands have failed to yield any return, his obligation can scarcely be treated as an asset within the meaning of the banking law. Sec. 221.36 provides:

"All debts due to any bank on which interest is past due and unpaid for a period of twelve months, unless the same are well secured or in process of collection, shall be considered bad debts and shall be charged off to the profit and loss account at the expiration of one year."

The bank carried numerous items in its assets which clearly fell within the condemnation of the statute. If these items had been charged off in accordance with the statutory provisions, the bank's assets would have been less than its liabilities. When the State upon the trial established that fact, it made a *prima facie* case of insolvency of the bank. The defendant was not concluded by such a showing and could have shown the true value of the items. In this case he was permitted to show assets of the value of $10,000 which were not listed upon the bank's books. If, in addition to proving that the bank could not realize upon the items classified as "bad debts," the State had to prove that the debtor was likewise insolvent, a burden would be cast upon the State which it could scarcely sustain. The court charged the jury as follows:

"A bank is unsafe or insolvent, within the meaning of the statute, when the cash value of all of its assets, whether listed or not, realizable in a reasonable time, in case of liquidation by its proprietors as ordinarily prudent persons

would ordinarily close up their business, is not equal to its liabilities, exclusive of stock liabilities."

This instruction was certainly as favorable as the defendant could reasonably ask. Without reviewing the evidence item by item, it is sufficient to say that the insolvency of the bank at the time the defendant as its officer accepted deposits was 'established by a wide margin.

Evidence as to the making of the $6,500 loan was received against the objection of the defendant. We find nothing prejudicial to the defendant in the admission of that evidence. The fact that it was an unauthorized loan and the circumstances under which it was made were material as tending to show the manner in which the defendant dealt with the assets of the bank.

*By the Court.*—Judgment affirmed.