THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ALEXANDER SIMON, Appellant.

Second Department, November 19, 1926.

Crimes — robbery, first degree — evidence — evidence on question of
identity very close — defense of alibi interposed — robbery committed
by two persons and two proprietors identified defendant as one of
robbers — admission of testimony as to identification of defendant by
witnesses at police station not error, since no objection was raised and
since most of testimony was brought out on cross-examination — error
in permitting witness to testify that he went to police station to pick
out man he identified in Rogues' Gallery was rendered harmless by
proof of previous conviction of defendant and his admission thereof —
indictment charged that crime was committed by two men, both being
actually present — other person charged has been acquitted — said
acquittal not binding on jury in this case — judgment of conviction
affirmed under Code of Criminal Procedure, § 542.

On a prosecution for robbery in the first degree, alleged to have been committed
by two men in the day time, in which the two proprietors of the store robbed
testified that the defendant was one of the robbers, and in which the defendant
endeavored to prove an alibi, testimony concerning the identity of the defendant
given by two complaining witnesses and by a police officer, to the effect that
one of the complaining witnesses identified the defendant at the police station,
did not constitute prejudicial error, since it appears that while the prosecution
examined one of the complaining witnesses on that point no objection was made
thereto, and the attorney for the defendant on cross-examination not only
cross-examined that witness as to what happened at the police station but also
cross-examined two other witnesses on the same question, although they had
not been examined in chief on that point. The defendant could not, after
endeavoring to break down the identification and finding himself unable to
do so, complain that the evidence was inadmissible and that its admission
constituted prejudicial error.

Error committed in permitting a witness to testify that he went to the police
station for the purpose of identifying a man he had picked out in the Rogues'
Gallery, was rendered harmless by proof of a prior conviction of the defendant
and by his admission of that conviction.

The indictment charged the defendant and another with the commission of the
crime, and alleged that all defendants were actually present at the time the
crime was committed, each aiding the other. The fact that the other person
charged with being jointly guilty with the defendant in the commission of this
crime, has been tried and acquitted, does not prevent a conviction of the
defendant herein, and that judgment was in no way binding on the jury in this
case, for there is nothing to show that the evidence in the two trials was the
same. The judgment of conviction is affirmed under section 542 of the Code
of Criminal Procedure.

APPEAL by the defendant, Alexander Simon, from a judgment of
the County Court of the county of Kings, rendered on the 12th
day of March, 1926, convicting him of the crime of robbery, first

degree, as a second offense, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Paul Kahan,* for the appellant.

*Henry J. Walsh, Assistant District Attorney* [*Charles J. Dodd, District Attorney,* with him on the brief], for the respondent.

Jaycox, J. The defendant has been convicted of the crime of robbery in the first degree. It is claimed that, with the aid of an accomplice, he entered a jewelry store in the borough of Brooklyn, city of New York, and robbed the proprietors of ten trays of jewelry. The happening of the robbery is not controverted. The defendant claims he did not participate in it. The question litigated was the question of identity and upon that question the evidence was extremely close. The proprietors of the store, two apparently fair-minded, intelligent men, testified that the defendant was one of the men who perpetrated the robbery. The men were not masked; it was broad daylight and these witnesses had a fair opportunity of seeing the men who perpetrated the crime. No reason for not crediting their testimony appears in the evidence. The defendant testified, as did his brother and an apparently disinterested witness, that on the day the robbery occurred the defendant was at Oakwood Heights on Staten Island. They testified that he was there at a time which would have made it impossible for him to have participated in the robbery. There are lights and shades in the testimony favoring both sides, and it presented one of those situations where only the triers of fact, who saw and heard the witnesses, could determine the verity of the testimony. In this situation, all errors in the conduct of the trial merit our careful consideration, and, if errors did occur, a reversal must result unless sufficient reason for disregarding them appears in the record.

During the direct examination of Benjamin Bochner, one of the proprietors of the store that was robbed, he was asked as to the identification of the defendant at the station house, five or six weeks after the robbery. This was error. (*People* v. *Jung Hing,* 212 N. Y. 393.) As in the case cited, no objection was taken. In this case the identification was not so dramatic and convincing as in the case of Jung Hing. There was no lineup. The witness testified that he saw the defendant in a room with a number of other men and picked him out as one of the men concerned in the robbery. In addition, I think in this case the opportunity of observation at the time the crime was committed was better than in the *Jung Hing* case. The persons to be identified were of a race presenting more individual characteristics than do

the Orientals. The witnesses, too, were positive and earnest in their statements that this defendant was one of the men concerned in the robbery.

The record also discloses, I think, that the defendant desired this testimony to be laid before the jury. During the examination of this witness upon the subject of the identification of the defendant at the station house, the witness volunteered a statement upon another subject and the defendant's attorney immediately objected, but as long as the prosecuting attorney adhered to the subject of identification he made no objection. Benjamin Bochner was the first witness, and from his testimony it appeared that he went to the station house alone. When the second witness, Isadore Bochner, was called the prosecution did not interrogate him in regard to identifying the defendant at the station house, but the defendant's attorney did. The cross-examination upon this subject did not consist of a casual or incidental question or two, but was thorough, complete and searching. Some incidents which occurred when the first witness was at the station house were repeated when the second witness went there. These were not brought out upon the examination of the first witness but were elicited upon the cross-examination of the second witness. That they occurred in both instances was shown by the testimony of the detective, who was present upon both occasions. The same course was pursued as to this witness. He was interrogated by the prosecution as to an interview with the defendant and as to the pillow case marked " St. Mark's Bath " which he found at the store. Upon cross-examination the defendant's attorney pursued the same course that he did with Isadore Bochner and examined him exhaustively as to the identification at the station house.

The conduct of the defendant's attorney, I think, clearly indicated that he thought that one, or both, of these witnesses would fail in his identification at the station house, and he sought to have the evidence introduced for that reason. As the testimony was not what he expected, and he having failed to convince the jury that there was any doubt or uncertainty in the identification, he now seeks to have the conviction reversed, upon a claim that this testimony was incompetent. Such a claim cannot now be entertained. Having elected to have the jury consider it upon the trial, he cannot now be heard to say that its admission was error. In *People* v. *Jackson* (196 N. Y. 357, 362) Chief Judge CULLEN said: " To permit the party to remain silent and suffer the error to go unchallenged and claim on an appeal from an adverse judgment the benefit of the error, as if objection and exception had been taken, would not conduce to the proper administration

of justice nor tend to secure a fair trial for the defendant, but simply give him an opportunity to reverse on appeal a proper judgment." That case, it seems to me, is strictly applicable to the testimony elicited by the People from the first witness. The defendant made no objection to this line of testimony and subsequently he elicited the same class of testimony from both of People's witnesses. To reverse upon the admission of this evidence, it seems to me, would go beyond the case cited and permit the defendant to introduce incompetent evidence and afterward claim that the admission of such evidence was error.

During the examination of the first witness for the People, Benjamin Bochner, he was asked: "What were you going in [the station house] for?" and he replied: "To look at the man I picked out from the Rogues' Gallery." The defendant's attorney moved to strike this out; the motion was denied and an exception taken. Although this was error, I think it was cured by testimony subsequently given. The People gave proof of the previous conviction of the defendant and the defendant admitted such conviction. This, I think, rendered harmless the error in permitting this answer to stand.

The defendant was jointly indicted with one Fazzio. The indictment alleged, " all defendants being actually present, at the time and each aiding the other." In order to convict it was necessary for the jury to find that the defendant was aided by an accomplice actually present. (Penal Law, § 2124.) The evidence showed that Fazzio had been previously tried and acquitted. The appellant claims that, under these circumstances, no conviction of the defendant for robbery in the first degree could be had. He bases that contention on *People* v. *Munroe* (190 N. Y. 435). In that case both defendants were tried together, and upon the same evidence the jury found one guilty and the other innocent. The court said: " The evidence that convicted Munroe also convicted Barry; if it was not sufficient to convict Barry, it is clear that it was insufficient to convict Munroe. The acquittal of Barry amounted to this, in substance: The jury found that Barry was not actually present at the time of the robbery aiding Munroe. This being the fact, how was it possible to convict Munroe of robbery in the first degree?" The situation presented in that case is entirely different from the situation now under consideration. In this case Fazzio was tried and acquitted prior to this trial, and, for aught that appears, the evidence upon Fazzio's trial was entirely different from the evidence presented here. I think the jury in this case was in no way bound by the result of the Fazzio case. I think this can be easily illustrated. If this defendant had been

first tried and convicted, and subsequently Fazzio was tried and acquitted, I think no one would claim that the conviction of this defendant should be set aside. This, however, would be the logical result if the contention of the appellant was sustained.

I recommend that the judgment of conviction, and the order denying the motion to set aside the verdict and for a new trial, be affirmed, under the provisions of section 542 of the Code of Criminal Procedure.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

Judgment of conviction of the County Court of Kings county, and order denying motion to set aside the judgment and for a new trial, unanimously affirmed.