GLIDDEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—October 11, 1927.*

*Criminal law: Trial of accessory before the fact: Waiver of trial as aider as charged in complaint: Waiver of preliminary examination.*

1. While an aider and abettor, under our statutes, is prosecuted as a principal, an accessory before the fact must be prosecuted as such.  p. 599.
2. Where a prosecution under an information charging defendant with being an aider and abettor of the offense of uttering a fraudulent traveler's check proceeded on the part of the defendant as well as of the state on the theory that defendant was charged with being an accessory before the fact, with a request for instructions appropriate to the charge of being

an accessory before the fact, a conviction as such accessory is *held* not reversible error, since, if the defect had been called to the attention of the court, an amendment would undoubtedly have been allowed at any time.   p. 600.

3. All the material facts relative to the claimed prejudice of the trial judge being within the knowledge of defendant's attorney, who expressed his confidence in the court and signified his willingness to proceed with the trial, error cannot be predicated thereon, particularly in view of the fact that defendant received a full, fair, and free trial.   p. 600.

4. Since the evidence, in case there had then been a preliminary examination upon the complaint on which the warrant issued, would have disclosed every fact charged in the information, a plea in abatement cannot be sustained on the ground that the offense charged in the information did not grow out of the transaction charged in the complaint and as to which a preliminary examination was waived.   p. 601.

ERROR to review a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Accessory before the fact to the offense of uttering a fraudulent traveler's check.   Assuming that the finding of the jury established the facts, they are briefly as follows: The plaintiff in error, *Glidden,* hereinafter called the defendant, on July 16, 1925, in company with Paul Porter and Milton Kribbs, left Minneapolis, Minnesota, in an automobile and went to the city of Milwaukee, stopping at Portage on July 16th and arriving at Milwaukee on July 17, 1925. On July 18, 1925, at Milwaukee, Porter and Kribbs uttered several worthless travelers' checks.   On July 19th the defendant, Paul Porter, and Milton Kribbs started back to Minneapolis, stopping *en route* at Columbus and Portage; and on July 20, 1925, at Kilbourn in Columbia county, at all of which places Porter and Kribbs uttered worthless travelers' checks.   On July 20, 1925, at Kilbourn, the defendant, Porter, and Kribbs were placed under arrest on the charge of having fraudulent and worthless travelers' checks in their possession with intent to utter the same.   The de-

fendant was released on bail. Porter and Kribbs were thereafter arrested on warrants from Milwaukee county and taken to Milwaukee, where both pleaded guilty of forgery and uttering, and where each was on the 7th day of August, 1925, sentenced by the municipal court of Milwaukee county to an indeterminate term of one to seven years in the state prison at Waupun. At the December, 1925, term of the circuit court for Columbia county, Porter and Kribbs upon their pleas of guilty of uttering fraudulent travelers' checks were each sentenced to one to two years at Waupun. The complaint upon which the warrant was issued by virtue of which the plaintiff was arrested charged him with having in his possession with intent to utter fraudulent travelers' checks. The defendant waived preliminary examination and was thereupon bound over for trial.

An information was filed, in the first count of which the defendant was charged with unlawfully having in his possession with intent to utter fraudulent travelers' checks; in the second count with aiding Milton Kribbs in unlawfully uttering fraudulent travelers' checks on the 13th day of July, 1925; and in the third count with unlawfully maintaining and assisting one Milton Kribbs as accessory after the fact. There was a demurrer to the information; the district attorney then filed an amended information in which the plaintiff was charged in the first count with having aided one Milton Kribbs; in the second count with being accessory after the fact to the crime of having uttered a false traveler's check; and in the third count with possession of a fraudulent traveler's check. This was the Kilbourn or first case.

The defendant entered a plea in abatement of the action for want of a preliminary examination, the plea was overruled, the defendant stood mute, and the court thereupon entered a plea of not guilty. Subsequently the amended information was changed by alleging the date of the offense as July 20th instead of July 13, 1925. Before court opened

the defendant was a second time arrested in November, 1926, had a preliminary examination on November 27, 1926, was bound over for trial, and was informed against. In a separate information filed December 6, 1926, the defendant was charged with aiding in passing a worthless traveler's check at Columbus, Columbia county, on July 19, 1925, and in the second count of the information with being accessory after the fact to said crime, to which information the defendant pleaded not guilty. This was the Columbus or second case. The two actions were tried together and the jury returned two verdicts, one in each case, finding the defendant guilty of being accessory after the fact in the Columbus or second case and guilty of being accessory before the fact in the Kilbourn or first case. On the 18th day of December, 1926, the defendant was sentenced for the term of one year to the Milwaukee county house of correction on the charge of being accessory after the fact in the Columbus or second case; and also sentenced to a term of from one to five years in the state prison at Waupun on the charge of being accessory before the fact in the Kilbourn or first case, the latter sentence to begin with the expiration of the sentence first imposed. The defendant sued out a writ of error to review the judgment in the Kilbourn or first case.

For the plaintiff in error there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

For the defendant in error there was a brief by *Elton J. Morrison,* district attorney of Columbia county, *Dorothy Walker,* special district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Miss Walker* and *Mr. Messerschmidt.*

The following opinion was filed June 20, 1927:

ROSENBERRY, J. It is first urged that the testimony upon which the defendant was convicted was that of accomplices

who admitted they had committed perjury and that a verdict based upon such evidence should not be permitted to stand. Upon this branch of the case we shall only say that we have carefully considered the evidence and that it is ample to sustain the conviction of the defendant. The evidence of the accomplices was corroborated at many points. Nor do we find anything in the record to substantiate the contention that the verdicts in the two cases were inconsistent or repugnant to each other. If the defendant had a legal trial the judgment of conviction should be sustained.

The principal question urged in the case is that in the Kilbourn case the defendant was by the verdict of the jury found guilty of an offense not charged in the information. The material part of the information is as follows: It charges that the defendant "did within the county of Columbia, state of Wisconsin, on the 20th day of July, 1925, unlawfully, wilfully and feloniously aid one Milton Kribbs, alias Arthur Bailey, in unlawfully, wilfully, and feloniously uttering, publishing, and passing as true to the Hoppe Clothing Store of Kilbourn, Wisconsin, one certain false and spurious instrument," etc.; the instrument being set out in full, and it being further charged that the defendant well knew the same to be false and spurious and that he did act with intent to injure and defraud.

It is urged that the information charged the defendant with being an aider and abettor, not with being accessory before the fact. The distinction between an accessory before the fact and an aider and abettor is clearly pointed out in *Krueger v. State,* 171 Wis. 566, 579, 177 N. W. 917. While an aider and abettor is prosecuted as a principal under our statutes, an accessory before the fact must be still prosecuted as such. *Karakutza v. State,* 163 Wis. 293, 156 N. W. 965.

In this case if the amended information had read that the defendant "did within the county of Columbia, state of

Wisconsin, on the 20th day of July, 1925, *not being personally present, by counseling and advising,* unlawfully, wilfully, and feloniously aid Milton Kribbs," etc., the information would have been sufficient. A careful examination of the record shows that the trial in fact proceeded on the part of the defendant as well as of the State on the theory that the first count in the information charged the defendant with being an accessory before the fact. Requests for instructions under the first count, which were appropriate if the first count charged the defendant with being an accessory before the fact and not appropriate if it charged him with aiding and abetting, were made by defendant's counsel. The instructions given by the court under the first count were related wholly to the offense of being an accessory. There can be no doubt from an examination of the record that if the defect in the first count had been called to the attention of the court, an amendment would have been allowed at any time. The trial from beginning to end proceeded on the theory that the first count charged the defendant with being an accessory before the fact.

This situation clearly brings the case within the doctrine of *Sprague v. State,* 188 Wis. 432, 206 N. W. 69.

A considerable part of the brief of defendant's counsel is devoted to the discussion of claimed prejudice of the trial court. It is claimed that by reason of a previously expressed opinion upon the merits of the case by the judge, the defendant could not have a fair trial. The record discloses that after all of the material facts were within the knowledge of the defendant's attorney, he expressed his confidence in the court and signified his willingness to proceed with the trial. This fact taken in connection with the further fact that the record discloses that defendant had a full, fair, and free trial sufficiently disposes of this contention. Every objection and argument advanced on behalf of the defendant received the most careful consideration by the trial court

and there is no basis whatever for any charge of bias or prejudice of the court.

It is further urged that the court should have sustained the plea in abatement on the ground that the offense charged in the information did not grow out of the transaction charged in the complaint upon which the warrant was issued which resulted in the arrest of the defendant and as to which the defendant waived a preliminary examination. This matter was treated in *Thies v. State,* 178 Wis. 98, 189 N. W. 539. But it is argued that the offense charged in the information does not grow out of the transaction charged in the complaint. It would be difficult to lay down a hard-and-fast rule. In this case, however, it appears from the evidence that had there been a preliminary examination upon the complaint on which the warrant was issued, every fact charged in each count of the information would have been disclosed. The traveler's check which was in fact uttered by Kribbs at Kilbourn as well as the one uttered at Columbus were out of the lot of checks, the unlawful possession of which was charged against the defendant in the complaint. Evidence, therefore, as to what checks the defendant had in his possession on the 19th and 20th days of July, how and where he disposed of them, and what in fact became of them, was material and relevant in support of the charge made in the complaint.

Under all the facts and circumstances of this case it must be held that the several offenses charged grew out of or were related to the transaction charged in the complaint. Other errors are assigned which have been considered, but we shall not discuss them.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on October 11, 1927.