PEOPLE v. MARCUS.

1. CRIMINAL LAW—CROSS-EXAMINATION—COLLATERAL MATTERS—DISCRETION OF COURT.
   Right of cross-examination in relation to collateral matters rests in discretion of trial court.

2. SAME—TRIAL—INSTRUCTIONS—DUTY TO PRODUCE RES GESTÆ WITNESSES.
   Where, in prosecution for robbery armed, complaining witness did not know names or whereabouts of certain persons who witnessed holdup, and investigation by police disclosed that they had left State, failure of trial court to instruct jury, as requested, that it was duty of prosecution to produce all res gestæ witnesses was not error.

3. SAME—ROBBERY ARMED—INSTRUCTIONS ON DEFENSE OF ALIBI.
   In prosecution for robbery armed, where defense was alibi, trial court was not in error in instructing jury that alibi is defense easy to prove and hard to disprove, and therefore they should be careful and cautious in examining evidence in regard thereto; especially where further instruction was given that if defense of alibi raised reasonable doubt of defendant's guilt he should be acquitted.

4. SAME—EVIDENCE—CREDIBILITY OF WITNESSES.
Testimony by police officer relating to conversation between him and certain of defendant's *alibi* witnesses, *held,* properly received for its bearing on their credibility.

5. SAME—APPEAL AND ERROR.
Defendant may not complain of introduction by prosecution of letter claimed to have been sent to defendant under another name, where defendant's counsel asked to have it introduced.

6. SAME—CROSS-EXAMINATION.
Testimony brought out on legitimate cross-examination of codefendant, tending to show commission of another offense, was not prejudicial to defendant, where it did not concern him but related to codefendant, who was acquitted.

7. SAME—TRIAL—CROSS-EXAMINATION.
Where defendant had an office, desk, chairs, hat tree, and some blank envelopes and paper, but had no stock of goods, and, although he claimed to have a partner, did not know his address, there was no error in asking him if the office was maintained as a blind.

8. SAME—ARGUMENT OF COUNSEL—APPEAL AND ERROR.
Complaint that argument of prosecutor was inflammatory may not be considered by Supreme Court, where argument is not in record.

9. SAME—GREAT WEIGHT OF EVIDENCE.
Where there was ample evidence of defendant's guilt, determination of facts was for jury, and verdict of guilty may not be said to be against great weight of evidence.

10. SAME—APPEAL AND ERROR.
That codefendant was acquitted may not be considered as bearing on guilt or innocence of defendant, where there was testimony relating to codefendant which had no bearing on guilt or innocence of defendant.

11. SAME—REASONABLE DOUBT.
Where there was no error in charge of court on presumption of innocence, reasonable doubt, character, *alibi,* and defendant's testimony, there is no merit in defendant's claim that verdict of guilty is not in accordance with doctrine of reasonable doubt.

Error to Recorder's Court of Detroit; Brennan (John V.), J. Submitted January 15, 1931. (Docket No. 152, Calendar No. 35,298.) Decided February 27, 1931.

Jerry Marcus and James O'Grady were charged with robbery armed. Defendant Marcus brings error. Affirmed.

*Norman H. Magel,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *John T. Meier,* Assistant Prosecuting Attorney, for the people.

Potter, J. Defendant and appellant, Jerry Marcus, was arrested, informed against jointly with one O'Grady, and convicted of robbery armed. The person robbed was the complaining witness, Frank O'Leary. Defendant brings error.

Defendant complains that the trial court limited the cross-examination by his counsel of the people's witnesses. The matters sought to be inquired about were collateral. The right to cross-examine in relation to them rested in the discretion of the trial court. There was no abuse of discretion.

Defendant complains the trial court did not charge the jury with reference to *res gestæ* witnesses. Complaining witness operated a cigar store. Some customers, claimed to have been actors in a nearby theater, were in the store when the holdup occurred. The complaining witness did not know their names or where they were. The robbery occurred January 8, 1930, complaint was made January 10, 1930. The police began investigating the case on the same date. They sought to locate these witnesses, and found on inquiry at the theater their

contract with the theater had expired and the witnesses had left the State. Under such circumstances, laid before the jury, the people could not produce them and defendant was not prejudiced by the action of the trial court in relation thereto.

The defendant, notwithstanding proof in support of his *alibi,* notice of which had been given, was identified as the robber, not only by the complaining witness but by others.

Complaint is made of the court's charge upon the subject of *alibi* as follows:

"An *alibi* is a legitimate defense; that is, it is a lawful defense. An *alibi* is, however, a defense that is easily proven and hard to disprove. Therefore, you will be careful and cautious in examining the evidence in regard to the *alibi.* I instruct you, however, that if the evidence of the defendant's *alibi* raises a reasonable doubt of the defendant's guilt in your minds, you will acquit him."

There is no error in this. *People* v. *Resh,* 107 Mich. 251; *People* v. *Portenga,* 134 Mich. 247; *People* v. *Trail,* 235 Mich. 469.

Complaint is made of the testimony of a police officer relating to a conversation between himself and Ida Hanson and Doris Hansen, defendant's lady friends, *alibi* witnesses. The statement sworn to, if made, bore on the credibility of the *alibi* witnesses and was properly received. *People* v. *Tice,* 115 Mich. 119, 221 (69 Am. St. Rep. 560). There was testimony tending to show defendant, at about the time of the robbery, was registered at a Detroit hotel under the name of Gordon. The introduction by the people of a letter addressed to Gordon at the hotel and obtained by the police from the hotel clerk is complained of. The question whether this letter was admissible or not is rendered unimportant by

the fact defendant's counsel asked to have it introduced.

It is claimed there was testimony offered tending to show the commission of another offense. This testimony was based upon the cross-examination of defendant O'Grady and related to his concern in such alleged offense. It did not concern appellant. O'Grady was acquitted. Such testimony did not prejudice defendant and was well within the scope of legitimate cross-examination of O'Grady.

Complaint is made of the suggestion by the people that defendant's maintenance of an office was a blind. Defendant had a desk, four chairs, a hat tree, and some blank envelopes and paper in this alleged office. He claimed to have a partner but did not know his address. He had no stock of goods. One Murphy, an *alibi* and good character witness for defendant, lived at the same address as defendant's lady friends, *alibi* witnesses. Murphy did not go back to the office after defendant's arrest.

Under the facts disclosed, there was no error in asking if the office was maintained as a blind.

Complaint is made of the inflammatory argument of the prosecuting attorney. The argument complained of is not in the record and cannot be considered. It is contended the verdict was against the great weight of the evidence. There was ample evidence of defendant's guilt and the determination of the facts was for the jury.

Complaint is made that O'Grady, informed against jointly with appellant, was acquitted. There was testimony relating to O'Grady which had no bearing upon the guilt or innocence of appellant. We cannot consider the fact that O'Grady was found not guilty as bearing upon the guilt or innocence of defendant. It is claimed the verdict was not in accordance with

the doctrine of reasonable doubt. The trial court charged the jury upon the questions of presumption of innocence, reasonable doubt, good character, *alibi,* and the testimony of defendant. We find no error in the charge. None of the assignments of error warrants a reversal. Conviction affirmed.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, and North, JJ., concurred. Fead, J., concurred in the result.