STATE, Appellant, vs. HESS, Respondent.

*October 13—November 7, 1939.*

For the appellant there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, *N. S. Boardman,* assistant attorney general, attorneys, and *Robert G. Kroncke* of the staff, of counsel, and oral argument by *Mr. Boardman.*

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, *Warde A. Wescott* of Crandon, and *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein.*

MARTIN, J. The state assigns as error the trial court's ruling sustaining the plea in abatement and ordering the defendant discharged on the counts referred to in the foregoing statement. Sec. 353.06, Stats., provides:

"Every person who shall counsel, hire or otherwise procure any offense to be committed which shall be a felony may be indicted or informed against and convicted as an accessory before the fact either with the principal felon or after the conviction of the principal felon, or he may be indicted or informed against and convicted of a substantive felony, whether the principal felon shall or shall not have been convicted or shall or shall not be amenable to justice, and in the last-mentioned case may be punished in the same manner as if convicted of being an accessory before the fact."

At common law an accessory could not be convicted unless his principal had been convicted, and the acquittal of the principal necessarily acquitted the accessory. Sec. 353.06, Stats., or its equivalent, has been the law of this state since its admission to statehood, in fact, it was in the territorial statutes of 1839.

In *Karakutza v. State,* 163 Wis. 293, 156 N. W. 965, the court said, at page 298:

"It is clear to our minds that the intention of the statute was to make the punishment [of the accessory] the same as the principal's and to abolish the old rule that the principal must first be convicted in order to make possible the conviction of an accessory; and that the words 'substantive felony' simply mean a felony not dependent on the conviction of another person for another crime. Such was certainly the construction given to the statute in the *Ogden Case* [*Ogden v. State,* 12 Wis. *532], where it is said in the opinion that Ogden was indicted 'as for a substantive felony, being charged as an accessory before the fact to the crime of arson.'

. . .

"The result is that under our statute an accessory before the fact is still to be prosecuted as such, but it is not essential to his conviction that the perpetrator of the principal crime be prosecuted or convicted; it being sufficient to prove the guilt of the principal felon."

The purpose of the statute was to improve the administration of justice. Referring to the common-law rule, the court, in *Karakutza v. State, supra,* p. *297,* said:

"This requirement necessarily produced more or less frequent failures in the administration of justice. If the man who actually performed the murder escaped, the accessory could not be convicted; hence the enactment of statutes to remedy the difficulty."

It seems very clear that the legislative intent in the enactment of sec. 353.06, Stats., was to provide for the prosecution of an accessory independent of the prosecution and outcome of the prosecution of the principal. The crime of the accessory is a substantive offense and the statute provides:

". . . he [accessory] may be indicted or informed against and convicted of a substantive felony, whether the principal felon shall or shall not have been convicted or shall or shall not be amenable to justice. . . ."

In *Karakutza v. State, supra,* p. *298,* the court said:

"It is argued that the words 'substantive felony' in this statute mean the principal felony, and hence that an accessory may and should be indicted as a principal. We are well convinced that this contention cannot be sustained. Had the legislature meant that the accessory was to be held to be a principal and prosecuted as such, it would have been very easy to say so in half the words. It is clear to our minds that the intention of the statute was to make the punishment the same as the principal's and to abolish the old rule that the principal must first be convicted in order to make possible the conviction of an accessory; and that the words 'substantive felony' simply mean a felony not dependent on the conviction of another person for another crime."

It would be a serious indictment of the legislature to hold, that in its effort to improve the administration of justice by abolishing some of the technicalities of the common law, that it made no provision for the prosecution and conviction of an accessory unless the principal was first prosecuted and convicted. If failure to apprehend the principal, his death, or

acquittal necessitates acquittal of the accessory, then our statute is no improvement over the common law. If Carter's trial had resulted in a conviction, his conviction would not be binding on Hess as an accessory. Hess, upon the trial of his case, would have the right to retry the issue of the principal's guilt. However, if the principal and his accessory are tried together, a verdict finding one guilty and the other not guilty would be a perverse verdict upon which no judgment could be based. But where there are separate trials by different juries there may be an acquittal of one and a conviction of the other.

This court, in *Karakutza v. State, supra,* makes reference to the two classes of statutes, that is, those which abolished all distinction between the two crimes and provide that an accessory may be convicted and punished as a principal, and those which removed the necessity of prosecution or conviction of the principal, making it sufficient to prove the guilt of the principal felon. In support of the former, the following are in point:

"Code of Iowa, 1935, sec. 12895; Kansas Gen. Stats. 1935, sec. 62–1016; Comp. Okla. Stats. 1921, vol. 1, sec. 2574; Mich. Stats. Ann. 1938, vol. 25, sec. 28.979."

In support of the latter, including Wisconsin, the following are in point:

"N. C. Code 1935, sec. 4175; Michie's Tenn. Code 1938, sec. 10761; Smith-Hurd Stats. Ill. ch. 38, § 582; Carroll's Ky. Stats. 1936, sec. 1128."

See *Glidden v. State,* 193 Wis. 595, 599, 214 N. W. 335; *In re Carlson,* 176 Wis. 538, 549, 186 N. W. 722; *Krueger v. State,* 171 Wis. 566, 579, 177 N. W. 917.

Since sec. 353.06, Stats., declares the crime of the accessory to be a separate and independent felony for which "he may be indicted or informed against and convicted of a substantive felony, whether the principal felon shall or shall not have been convicted or shall or shall not be amenable to justice,"

the accused accessory is not automatically acquitted because of the acquittal of the principal by either the court or a jury in an entirely different action, granting that in the separate trial of the accessory in order to obtain a conviction the state must prove the guilt of the principal, nevertheless, the prosecution is not bound by the verdict of another jury in the prosecution of the principal for a distinct and separate offense. We think it clear that sec. 353.06, Stats., very definitely settles this principle. We are of the view that the court erred in sustaining defendant's plea in abatement to the counts of the information in which defendant was charged with being an accessory before the fact, that is, as to counts 2, 3, 4, 8, 9, and 10 of the information.

Clearly the court erred in sustaining the plea in abatement as to counts 5, 6, and 7 in which defendant was charged as a principal with Carter as to the embezzlements. In counts 5, 6, and 7 defendant was charged with embezzlement and fraudulent conversion as principal. The offense in each count is alleged to have been committed in co-operation with Carter. However, Carter was not made a codefendant. Defendant Hess was informed against separately and was put upon a separate trial. In the following cases it has been held that even in cases of parties jointly indicted for a crime in which they were alleged to have acted in concert that the acquittal of one is no bar to the conviction of the other: *People v. Marcus* (1931), 253 Mich. 410, 235 N. W. 202; *People v. Simon* (1926), 218 App. Div. 363, 218 N. Y. Supp. 297; *Studer v. State* (1906), 29 Ohio Cir. Ct. Rep. 33, affirming (1906) 74 Ohio St. 519, 78 N. E. 1139 (mem.); *Williams v. Commonwealth* (1889), 85 Va. 607, 8 S. E. 470; *Goforth v. State* (1886), 22 Tex. App. 405, 3 S. W. 332; *State v. Orr* (1876), 64 Mo. 339; *State v. Caldwell* (1876), 8 Baxt. (Tenn.) 576.

Defendant makes the further point that the prosecution was commenced by a complaint and a warrant entitled State

of Wisconsin v. Albert J. Hess and Lester A. Carter, and that thereafter the prosecution proceeded under separate informations and separate trials. It is true that the original complaint filed with the justice of the peace was against both Hess and Carter, and contained eighteen separate counts, to all of which each entered a plea of not guilty and waived preliminary examination. Thereafter, upon the separate trials, the prosecution filed an information against Carter containing six counts, all of which were in the original eighteen counts of the complaint made to the justice of the peace and in the warrant of arrest. Also, when the case against defendant Hess came on for separate trial, the prosecution filed an information against him containing ten of the original counts made to the justice of the peace and in his warrant of arrest. There is no merit in the contention that defendant did not have a preliminary examination on the charges contained in the ten counts of the information filed against him. He waived his preliminary examination.

We conclude that the order of the court sustaining defendant's plea in abatement must be reversed and an order entered overruling the plea in abatement and for further proceedings according to law.

*By the Court.*—Order reversed, and record remanded with directions that an order be entered overruling defendant's plea in abatement and for further proceedings according to law.