| 115  | 219  |
| f134 | ¹249 |

## PEOPLE *v.* TICE.

1. CRIMINAL LAW—ALIBI—INSTRUCTIONS.
   An instruction in a criminal case that the jury should carefully scrutinize any evidence in relation to an alibi, for the reason that an alibi is a defense that is easily proved and hard to disprove, is not erroneous.

2. SAME—TRIAL—IMPEACHMENT OF WITNESSES.
   Upon a trial for arson, respondent's wife was asked if, in a conversation in which E. participated, in the presence of J., she did not assent to certain statements made by E. She denied the conversation, and that she was present at the place mentioned on the occasion referred to. Thereupon J. was permitted to testify that in such conversation E. made a statement concerning respondent's whereabouts on the night the crime was perpetrated, and that respondent's wife agreed with E. *Held*, that J.'s testimony was admissible.

3. NEW TRIAL—REASONS FOR DENIAL—FAILURE TO STATE.
   The failure of the court to file reasons for the denial of a motion for a new trial is not reversible error where no request therefor was preferred.

Error to Cass; Coolidge, J. Submitted November 4, 1897. Decided December 7, 1897.

Simeon Tice was convicted of arson, and sentenced to imprisonment for 16 years in the state prison at Jackson.   Affirmed.

*Cassius M. Eby*, for appellant.

*Charles E. Sweet*, Prosecuting Attorney, for the people.

Hooker, J.   The defendant was convicted of the offense of arson, upon the testimony of one alleged to be an accomplice.   Upon the trial, this witness first denied knowledge of the defendant's guilt, and after a recess, during which time he had an interview with one or more of the officers, and with his mother and sister, changed his testimony, and stated that the defendant had committed the act in his presence.   In his charge, the learned circuit judge discussed the conduct of the witness mentioned, at length, and the rules by which the jurors were to determine the value of his testimony, in connection with the unusual and peculiar circumstances under which it was given; and several assignments of error are based upon this part of the charge.   They raise the question whether the charge was prejudicial, in that it gave undue prominence to certain circumstances.   Our examination has satisfied us that the charge was fair, and we deem it unnecessary to discuss the assignments in detail.

The defendant offered evidence tending to prove an alibi.   Referring to it, the court said :

"I will say that, while the instruction given with reference to an alibi is true,—that this is the law,—you are to carefully scrutinize any evidence in relation to an alibi.   An alibi is a defense that is easily proven and hard to disprove. Therefore you will be careful and cautious in examining the evidence in regard to an alibi."

What was meant by the reference to "the instruction given with reference to an alibi" does not appear.   If, as is probable, it refers to a request to charge upon that subject, which may have been read to the jury for aught that appears in the record (the "voluntary charge" only

being given), it may have been necessary by way of modification; and, if not, it was a proper caution to give to the jury, as it is notorious that an alibi affords the readiest avenue of escape from merited punishment, through false testimony.

The testimony of the witness Jewell was admissible. The defendant's wife, Ida Tice, was asked if, in a conversation in which Etta Jennings participated, in the presence of Jewell, she did not assent to certain statements made by Etta. She denied the conversation, and that she was present at the place mentioned on the occasion referred to. Thereupon Jewell was permitted to testify that in such conversation Etta Jennings said that "she knew Sim was not out, because she stayed there all night," etc.; that Ida Tice was not three feet away, and all present were talking together, and Mrs. Tice said, "Etta stayed there that night, and Sim was not out."

It is alleged that the cause should not have been submitted to the jury, for the reason that there was not sufficient evidence to sustain a conviction. It does not appear that the claim was made upon the trial, but, if it had been, the point is not sustained by the record, as there was testimony showing circumstances which tend to corroborate the story of Jennings. Counsel also claimed the right to review the denial of a motion for a new trial, notwithstanding the fact that the judge failed to state his reasons therefor. This point is ruled by the case of *McRae* v. *Lumber Co.*, 102 Mich. 488. We are not prepared to hold that it is error for a court not to file reasons for the denial of a motion for new trial, where no request has been made that he do so. Such a request should have been filed or made previous to or at the time of the hearing and decision of said motion.

The judgment of the circuit court is affirmed.

The other Justices concurred.