## PEOPLE v. PORTENGA.

CRIMINAL LAW—ALIBI—INSTRUCTIONS—EVIDENCE.

An instruction that the jury should scrutinize the evidence relating to an *alibi;* that it is a defense easily proved and hard to disprove,—therefore they should be careful and cautious in examining the evidence,—did not tend to discredit the respondent's testimony, nor indicate to the jury that they should be controlled by any supposed view of the court.

Exceptions before judgment from Muskegon; Russell, J. Submitted June 12, 1903. (Docket No. 146.) Decided July 14, 1903.

John Portenga was convicted of an assault with intent to commit the crime of rape. Affirmed.

*F. W. Cook*, for appellant.

*George S. Lovelace*, Prosecuting Attorney, and *Charles B. Cross*, Assistant Prosecuting Attorney, for the people.

CARPENTER, J. Defendant was convicted of committing an assault with intent to commit the crime of rape. His defense was an *alibi*. He asks to have the conviction set aside on the ground that the court erred in charging the jury as follows:

"The defense in this case, gentlemen, — one of the defenses introduced here, or a train of circumstances that has been presented here,—tends to show an *alibi* of the defendant here, as claimed by the defendant. That is a defense which is legitimate. If it is true that this defendant was not in a condition so that he could have committed the crime, that should be a perfect defense, and would be a perfect defense; but in the consideration of that class of defenses, gentlemen, it is necessary for you to take into consideration the fact, and it is your duty as jurors to examine carefully the evidence given on that point,—scrutinize any evidence in relation to the *alibi*. An *alibi* is a defense that is easily proven, and hard to disprove; therefore you will be careful and cautious in examining the evidence bearing upon the question of *alibi*. I say, if it is established, and you believe the evidence,—in other words, if you believe that this party was in a position so that he couldn't have committed the crime,—of course that would be an absolute defense."

It is insisted that the court erred in telling the jury to "scrutinize any evidence in relation to the *alibi*. An *alibi* is a defense that is easily proven, and hard to disprove; therefore you will be careful and cautious in examining the evidence bearing upon the question of *alibi*." This

language did not instruct the jury to discredit the defendant's testimony, nor did it indicate to them that they should be controlled by any supposed view entertained by the court. It simply cautioned the jury to carefully examine that testimony. Cases might arise in which it would be unnecessary, and perhaps improper, to extend such a caution; but, as the record in this case does not contain the testimony referred to, we are bound to assume, under the authority of *People* v. *Tice*, 115 Mich. 219 (73 N. W. 108, 69 Am. St. Rep. 560), that this was a case in which it was proper to extend it.

The exceptions of defendant are therefore overruled, and the court directed to proceed to judgment.

The other Justices concurred.