PEOPLE *v.* WUDARSKI.

1. Criminal Law—Weight of Evidence.
    In trial for robbery armed, verdict of guilty cannot be said to be against great weight of evidence, because defense of *alibi* was supported by evidence.

2. Same—Instruction on Alibi.
    Instruction that *alibi* is defense difficult to disprove was not erroneous, notwithstanding notice in writing of intention to claim such defense is required by statute (section 20, chap. 8, Act No. 175, Pub. Acts 1927, as amended by Act No. 24, Pub. Acts 1929).

3. Same—Interest of Accused.

In criminal case, jury may be instructed to take into consideration, in weighing testimony given by accused, interest he has .in result.

4. Same—Comment of Court on Evidence.

Under section 29, chap. 8, Act No. 175, Pub. Acts 1927, judge in charge to jury in criminal case may make such comment on evidence, testimony, and character of witnesses as in judge's opinion interest of justice may require, but he should make it clear that he is merely stating his opinion, and not directing jury to be guided by it.

5. Same—Instruction—Opinion of Judge.

Instruction in criminal case calling jury's attention to accused's previous record, and stating that judge would be reluctant to believe accused's testimony as against that of officers was not erroneous where judge further stated that he was only expressing his opinion, and that jury had duty of determining disputed issues of fact (section 29, chap. 8, Act No. 175, Pub. Acts 1927).

Wiest and McDonald, JJ., dissenting.

Error to Wayne; Webster (Arthur), J. Submitted October 16, 1930. (Docket No. 157, Calendar No. 35,024.) Decided January 7, 1931.

Chester Wudarski and Nick Fill were convicted of robbery armed. Affirmed.

*S. Brooks Barron,* for appellants.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *W. Gomer Krise,* Assistant Prosecuting Attorney, for the people.

Clark, J. Defendants were convicted of robbery armed. The defense was, chiefly at least, an *alibi.*

A grocery clerk was sent by his employer to a bank to cash some checks. He parked the car near the bank, got the cash, put it in his pocket, and re-

turned to the car, when, as he testified, the three defendants got into the car, compelled him by use of revolvers to drive into an alley, where the robbery occurred.

The clerk identified all of the defendants. Testimony of another witness also tends to connect defendants with the crime. With this testimony were claimed admissions and confessions of defendants.

The defense was supported by testimony, but we cannot say the verdict is against the great weight of the evidence.

The concluding statement of the judge in his instruction, respecting the defense of *alibi,* is:

"In this connection, however, I charge you that in considering the evidence offered upon the question of *alibi,* you should remember that it is a defense which is difficult to disprove."

A like instruction in *People* v. *Tice,* 115 Mich. 219 (69 Am. St. Rep. 560), was held not erroneous. But it is argued that, since section 20, chap. 8, Act No. 175, Pub. Acts 1927, as amended by Act No. 24, Pub. Acts 1929 (3 Comp. Laws 1929, § 17313), requires notice in writing of intention to claim such defense, a contrary holding should now be made. In spite of the statute, the defense remains difficult to disprove.

Error is assigned on the following from the charge:

"Now, in my opinion, you should carefully analyze this testimony of the respondents and find out whether it is true or not. I should be very reluctant to believe the testimony of a respondent under such circumstances as surrounded us here in this case. The respondent who took the stand is, as I have already pointed out to you, under inducement to tell

that story which will best suit his purposes at this time. In addition to that the evidence shows in this case, as I recall, or there is evidence in this case with reference to his previous record, he having pleaded guilty to a serious crime, and I should be very reluctant to weigh his testimony as against the testimony of these officers from Cleveland and from Hamtramck, and believe the testimony of that witness alone as against the statements of these officers. They appeared upon the stand. They testified, testified very frankly, as it seemed to me, and I should prefer to believe testimony of that character as against testimony of the respondents under the circumstances.

"Now, I am stating to you only my impression, my opinion, if you please. After all, you, as jurors, should analyze this testimony very carefully and remember throughout that you have the duty to perform and not the court, of determining these disputed issues of fact."

The question is whether the trial judge abused the right given him by section 29, chap. 8, Act No. 175, Pub. Acts 1927 (3 Comp. Laws 1929, § 17322):

"The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require."

It is settled law that in a criminal case the jury may be instructed to take into consideration, in weighing the testimony given by the accused, the interest he has in the result. *People* v. *Calvin,* 60 Mich. 113.

In *People* v. *Lintz,* 244 Mich. 603, it was held:

"In expressing an opinion, he should make it clear to the jury that he is merely stating his opinion, and not directing them to be guided by it. They must

be given to understand that they are to decide the facts on their own view of the evidence, and that the opinion is expressed only as an aid to them in so doing. He may call the attention of the jury to particular facts; marshal and sum up the evidence relating to each issue to be determined; comment upon the tendency, force, and comparative weight of conflicting testimony bearing upon them, and point out any matter which legitimately affects the testimony of a witness or his credibility. And it is his duty to do so, under the statute, when in his opinion their consideration by the jury is necessary and will lead to a just verdict, providing always that he makes it plain to the jury that his comment and opinion on the facts is not controlling, and that the ultimate determination is left to them."

The instruction apparently follows the quoted holding, and is held not to be erroneous. See *People* v. *Goldberg,* 248 Mich. 553; *People* v. *Cabassa,* 249 Mich. 543.

A study of the record indicates no abuse of discretion in this regard.

We find no reversible error.

Judgment affirmed.

BUTZEL, C. J., and POTTER and SHARPE, JJ., concurred with CLARK, J.

NORTH and FEAD, JJ., concurred in the result.

WIEST, J. (*dissenting*). The instruction to the jury went beyond permissible comment on the evidence and the testimony and character of witnesses and transgressed the field of legitimate argument ever permitted the prosecuting officer. It is not proper comment for the judge to urge reasons for discrediting witnesses. The comment by the judge must be impartial, else there is danger of recur-

rence to the vice disclosed in the old State trials of England.

My views are well expressed in *Weare* v. *U. S.*, 1 Fed. (2d) 617 (C. C. A. 8th Circuit):

"In reading portions of the instructions, it would be difficult to tell whether one were reading the instructions of a court or the argument of a prosecutor. . As a sample of their argumentative nature, we quote the following: 'As I recollect it, when these men were put in jail, one of them put in jail that day and the other one the day before, they were searched. Would such things as that match box and that tobacco can escape the observation of the investigating officer? If he had any sense at all, wouldn't he have found those things? They wouldn't have to go into a man's shoes to determine whether he had a match box on his person. If he had it in his shoe, he would have crushed it. They couldn't get that match box in his shoe. That is my view. Would these things have escaped the searching officer when he searched them before they were put in jail that day? Now, they search them when they put them in jail.'

"Other remarks were made by the court equally objectionable, which it is not necessary to set out. The whole tenor of the instructions was apparently to influence 'the jury to return a verdict of guilty. It was a palpable attempt to usurp the function of the jury as to fact questions and to impose the will and desire of the court upon it, and to interfere with the independent judgment of the jurors. Under the Constitution one accused of crime is entitled to a determination by a jury of the fact questions involved. The jury can easily be misled by the court. Its members are sensitive to the opinion of the court, and it is not a fair jury trial when the court turns from the legitimate instructions as to the law to argue the facts in favor of the

. prosecution. The government provides an officer to argue the case to the jury. That is not a part of the court's duty. He is not precluded, of course, from expressing his opinion of the facts, but he is precluded from giving a one-sided charge in the nature of an argument. We do not think the error in this case is cured by the mere statement to the jury that they were not bound by his opinion, and that they should follow their own judgment.''

The conviction should be reversed, and a new trial granted.

McDONALD, J., concurred with WIEST, J.