PEOPLE *v.* SCHANER.

1. CRIMINAL LAW—RAPE—COMPLAINING WITNESS—IMPEACHMENT.

The only purpose in questioning a complaining witness in prosecution for rape as to her answers given at the preliminary examination is to impeach her for inconsistent statements:

2. SAME—RAPE—COMPLAINING WITNESS—IMPEACHMENT—FOUNDATION.

In prosecution for rape wherein record fails to show complaining witness, at the trial, had been asked similar questions or had made statements inconsistent with her answers at examination, trial court's ruling that foundation for impeaching questions had not been laid was proper.

3. SAME—RAPE—ALIBI—COMMENT ON EVIDENCE—TIME.

In prosecution for rape wherein defense of alibi was interposed, where charge as a whole carefully explained to the jury what proof was necessary before a verdict of guilty could be returned and part of court's comment on alibi testimony was more favorable than that to which defendant was entitled, his comment that alibi witnesses could be mistaken as to time they were with defendant was not prejudicial error (3 Comp. Laws 1929, § 17313).

4. APPEAL AND ERROR—NEW TRIAL—STATUTES—COURT RULES— RECORD.

Denial of motion for new trial without stating reasons therefor in prosecution for rape will not be reviewed where no request that the court give reasons for denial was made and record does not contain motion for new trial nor order of denial, since neither statute nor court rule have been complied with to provide Supreme Court with the necessary record on which to review the question (3 Comp. Laws 1929, § 17370; Court Rule No. 66, § 6 [1933]).

5. NEW TRIAL—REASONS FOR DENIAL.

A defendant's rights are not prejudiced by denial of a motion for a new trial without giving reasons therefor where record does not disclose motion for new trial or order thereon or that he had requested reasons be given in writing (3 Comp. Laws 1929, § 17370; Court Rule No. 66, § 6 [1933]).

6. CRIMINAL LAW—DELAY IN APPEAL.

Lapse of three years before seeking appeal from conviction of crime of rape and possible inability to locate witnesses tend to defeat ends of justice and to disparage the sincerity of claimed errors in trial.

Appeal from Recorder's Court of the City of Detroit; Jeffries (Edward J.), J. (deceased); Gillis (Joseph A.), J. (successor). Submitted April 16, 1942. (Docket No. 75, Calendar No. 41,480.) Decided June 5, 1942.

Erven Schaner was convicted of rape. Affirmed.

*Charles K. Hart,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,*

Prosecuting Attorney, and *Ralph E. Helper,* Assistant Prosecuting Attorney, for the people.

BOYLES, J.  Defendant appeals from a conviction and sentence for the crime of rape, having been informed against under section 520 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).  Trial was by jury in the recorder's court for the city of Detroit and appellant relies on three claimed errors for reversal.

1.  Was prejudicial error committed by the trial judge by restricting defendant's cross-examination of the complaining witness?  The following occurred while defendant's counsel was cross-examining the complaining witness:

"*Q.*  You recall the examination in which you testified?

"*A.*  Yes.

"*Q.*  Did you make this answer: 'Yes, it was a parked car on a private side on Seebaldt where he had this other act of sexual intercourse with me.'  Did you make that answer?

"*The Court:*  What of it?  She has not denied it here.

"*Mr. Lefebvre:*

"*Q.*  Now, then, did you make this answer?  The Court asked you this question: 'Well, after that occurred what happened?  *A.*  Then we came out on the street; that is when he first took the blind-fold off me and then we came out on Seebaldt and started walking up the street, and when we saw somebody coming—I could see in the distance, about a block and a half away,—so when the fellow said "Someone is coming."  Then he just grabbed me again and then we went through another back yard until we came to Larchmont again and that is where he left me go.'  Did you make that answer?

"*The Court:* Well, she said he let her go on Larchmont."

After two or three more questions along the same line, the court ruled:

"*The Court:* Well, that does not impeach her. You have not laid the foundation for it. You are attempting to impeach her."

While the use of this method in rejecting testimony does not merit the stamp of approval, the ruling of the court was proper, so far as disclosed by the record before us. We are not favored with a transcript showing what preceded this line of questioning. The only purpose in questioning the witness as to her answers given at the preliminary examination was to impeach the witness for inconsistent statements. A contradictory statement lies at the foundation of such cross-examination. Nowhere in the record can we find where the witness had previously testified contrary to her answers indicated in this line of questions. The record does not show that the witness had ever been asked, or had answered, similar questions or made statements inconsistent with her answers at the examination. So far as our record discloses, the court properly ruled that the foundation for impeaching questions had not been laid. *Rodgers* v. *Blandon,* 294 Mich. 699.

2. Did the trial judge make prejudicial comment on the evidence in charging the jury? The court said:

"Now, there is an alibi here. An alibi is a perfectly legitimate defense. Under the law which my brother quoted that rule has been changed—that an alibi is easy to prove and hard to disprove because of the suddenness of the presentation of the alibi.

The legislature has subsequently provided that if a person who is charged with an offense gives notice of an alibi, with sufficient time to give the authorities an opportunity to investigate, then that rule does not apply, because it is easier to disprove if the prosecution has an opportunity to investigate. However, you have a right to take into consideration all the elements of an alibi, who the people are, what interest they have in the outcome, if any, or what their motive may be in the case, the same as any other witness, in arriving as to what credit you shall give to it.

"Now, as to the question of time. All the people who testified as to the alibi—except the wife, she testified she remained with the defendant all night—testified they left the premises about the time, that is, if the statement is accurate, that this act was committed. But inasmuch as these people, as I understand, were in the immediate neighborhood of where the act was alleged to have been committed, the element of time becomes important. The people who testified as to the alibi may be perfectly honest in their estimate of the time they left the premises or they may be mistaken in it in enough minutes to have given the defendant an opportunity to have committed the offense. Now, that could or could not have happened.

"So these are elements for you to determine; first, whether the act was committed; second, whether the defendant was the one who committed it. You have a right, as I said, to take into consideration all the circumstances in arriving at the truth and what conviction it may bring to your mind as to the guilt or innocence of this defendant."

Defendant argues from this that the court did not leave to the jury the question whether the time testified to by the alibi witnesses coincided with the time of the offense. The court did not state that a mis-

take in the time had been made. He merely said that the mistake could or could not have happened. The first part of the above comment on the alibi testimony was more favorable to the defendant than he was entitled to. See 3 Comp. Laws 1929, § 17313 (Stat. Ann. § 28.1043); *People* v. *Wudarski,* 253 Mich. 83 (95 A. L. R. 782); *People* v. *Marcus,* 253 Mich. 410. The charge as a whole carefully explained to the jury what proof was necessary before a verdict of guilty could be returned and defendant's rights were not prejudiced on this account.

3. Did the trial judge err in denying defendant's motion for new trial, without stating in writing his reasons therefor? No request was made that the court give reasons for denial. The record before us does not contain the motion—merely the "reasons in motion" are summarized as an exhibit. Nor does the record contain the order of denial or indicate what was done with the motion, except in the record index of calendar entries we find, "Jan. 3, 1938— Court denies motion for new trial." Neither the statute (3 Comp. Laws 1929, § 17370 [Stat. Ann. § 28.1121]), nor the court rule (Court Rule No. 66, § 6 [1933]), has been complied with to provide this court with the necessary record on which to review the question. Appellant's rights were not prejudiced if the court failed to assign reasons in writing for denying the motion. *People* v. *Tice,* 115 Mich. 219 (69 Am. St. Rep. 560); *Eger* v. *Helmar,* 272 Mich. 513.

Defendant was convicted in 1937 and sentenced to a minimum of 10 years in State prison. More than three years elapsed before appeal was sought. Lapse of time and possible inability to locate witnesses tend to defeat the ends of justice and to disparage the sincerity of claims such as here advanced.

We find no reversible error. Conviction and sentence affirmed.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.