PEOPLE v McCOY

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS—ALIBI—BURDEN OF PROOF—APPEAL
   AND ERROR—DISTRICT AND PROSECUTING ATTORNEYS—REASONA-
   BLE DOUBT.

   The words in an instruction to the jury that "[a]n alibi is a
   defense that is easily proven" and "if it is established" strongly
   imply that it is the burden of the defendant to prove his alibi
   by preponderance of the evidence and this is erroneous; the
   prosecutor always retains the burden of proving the defendant
   was at the scene of the crime at the time of the crime, and all
   the defendant need do is to raise a reasonable doubt thereof.

2. CRIMINAL LAW—INSTRUCTIONS—CAUTIONARY INSTRUCTIONS.

   A general instruction may conceivably substitute for a special
   cautionary instruction but it is error to give only selective
   cautionary instructions; a defendant charged with a crime has
   the right to have a balanced presentation made to the jury.

3. CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—PROSECU-
   TOR'S REMARKS.

   Remarks of prosecutor were less than proper where, in his
   rebuttal summation to the jury, he stated that "we don't bring
   cases unless we're sure, unless we're positive", and that "he
   [defendant] was arrested a month later because a month later
   the evidence was positive."

4. CRIMINAL LAW—INSTRUCTIONS—ALIBI—ACCOMPLICE'S TESTIMONY—
   CREDIBILITY—DISTRICT AND PROSECUTING ATTORNEYS—PROSECU-
   TOR'S REMARKS—APPEAL AND ERROR—FAIR TRIAL.

   The combination of an erroneous alibi instruction, failure to

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 7, 8, 10, 11] 53 Am Jur, Trial §§ 511, 655, 656, 824.
   21 Am Jur 2d, Criminal Law § 137.
[3, 4, 6, 12] 53 Am Jur, Trial §§ 135, 136, 637.
   5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   21 Am Jur 2d, Criminal Law § 118.
[9] 20 Am Jur 2d, Courts §§ 82–86.
   Power of court to prescribe rules of pleading, or practice, or proce-
   dure, 158 ALR 715.
[10] 53 Am Jur, Trial § 540.

balance the defendant-denigrating alibi instruction with an appropriate instruction on the credibility of an accomplice's testimony, plus improper closing remarks of the prosecutor are convincing that the defendant did not receive a fair and balanced trial.

5. Criminal Law—Appeal and Error—Alibi—Burden of Proof—Instructions—Cautionary Instructions—Accomplice's Testimony—Request to Charge.

For cases tried after the publication of this opinion, it will be deemed reversible error (1) to denigrate the alibi defense "as easily proven and hard to disprove" or to suggest that it is the burden of the defendant to "establish" the defense; (2) to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge.

6. Criminal Law—District and Prosecuting Attorneys—Defendant's Guilt.

It is not permissible for the prosecutor to vouch for the defendant's guilt on his own knowledge or on the knowledge of police officers who did not testify.

### Dissenting Opinion

M. S. Coleman and J. W. Fitzgerald, JJ.

7. Criminal Law—Instructions—Alibi.

*Trial court, without request and without objection, instructed the jury as to defendant's alibi defense and by so doing, the court became obligated to give proper instructions; if the charge misled the jury, then defendant's conviction could not stand.*

8. Criminal Law—Instructions—Appeal and Error—Alibi—Presumption of Innocence—Guilt—Reasonable Doubt.

*Instructions were not erroneous where trial judge said that alibi would be an "absolute defense" if the jury believed the alibi evidence and emphasized repeatedly the presumption of innocence afforded defendant and the prosecution's obligation to prove defendant's guilt beyond a reasonable doubt; thus, if the alibi raised a reasonable doubt as to defendant's guilt, the jury was instructed to find him not guilty.*

9. Trial—Statutes—Court Rules—Evidence—Witnesses—Character—Discretion.

*Trial court is permitted by statute and court rule to comment on*

*the evidence, the testimony and character of a witness if the interest of justice requires; the judge may, but is not required, to so act; it is within his discretion.*

10. CRIMINAL LAW—INSTRUCTIONS—ACCOMPLICE'S TESTIMONY—STATUTES—FAIR TRIAL.

*Instruction that accomplice's testimony should be regarded with "grave suspicion" which defendant says the court should have given without request did not go to defendant's theory of the case; it is not required by either statute or case law; there is no indication that failure so to instruct the jury denied defendant a fair trial and there is no basis for concluding that injustice has resulted.*

11. HOMICIDE—MURDER—INSTRUCTIONS—WITNESSES—MOTIVE—PREJUDICE—BIAS—INTEREST.

*Trial judge correctly instructed at a first-degree murder trial that the testimony of all witnesses should be considered as to motive, prejudice, bias or interest in the outcome.*

12. CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—PROSECUTOR'S ARGUMENTS—REBUTTAL ARGUMENTS—EVIDENCE—DEFENDANT'S GUILT—APPEAL AND ERROR.

*Prosecutor's statements during closing arguments, that suspects are not charged with the commission of a crime until authorities are satisfied that the evidence warrants such action, did not forward his personal opinion that defendant was guilty; they constituted rebuttal to defendant's extended remarks; the statements do not constitute reversible error.*

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and Bashara and O'Hara, JJ., affirming Recorder's Court of Detroit, Richard D. Dunn, J. Submitted January 9, 1974. (No. 12 January Term 1974, Docket No. 54,741.) Decided August 2, 1974.

Arsner B. McCoy was convicted of first-degree murder. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded to the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Leonard C. Jaques (Carl Ziemba,* of counsel), for defendant on appeal.

WILLIAMS, J. *(for reversal).* My Sister M. S. COLE-MAN has well and fully set forth the facts and issues in this case. However, I find reversible error in the judge's alibi instruction and in his failure to balance his denigrating of the alibi defense with appropriate instructions on the credibility of an alleged accomplice, the prosecutor's only witness putting defendant at the scene of the crime. Additionally, certain of the prosecutor's remarks were less than proper.

## I. THE ALIBI INSTRUCTION

The alibi instruction follows:

"The defense in this case it is claimed intends to show an alibi of the defendant. Well this is a defense that is legitimate. If it is true that this defendant was not in a condition where he could have committed this crime or was not at the place where the crime was committed that should and would be a perfect defense. But in the consideration of that class of the defense it is necessary for you to take into consideration the fact, and it is your duty as jurors to examine carefully the evidence on that point, scrutinize any evidence in relation to the alibi. *An alibi is a defense that is easily proven and hard to disprove.* Therefore you will be careful and cautious bearing upon the question of alibi. I say *if it is established and you believe the evidence, in other words if you believe that the defendant was not in a position so that he could have committed the crime or*

*could not have been there, of course, that is an absolute defense."* (Emphasis added.)

The words in italics, "[a]n alibi is a defense that is easily proven" and "if it is established" strongly imply that it is the burden of defendant to prove his alibi by preponderance of the evidence. This is erroneous. The prosecutor always retains the burden of proving the defendant was at the scene of the crime at the time of the crime, and all the defendant need do is to raise a reasonable doubt thereof. *People v Marvill,* 236 Mich 595; 211 NW 23 (1926). 2 Underhill's Criminal Evidence (5th ed), § 441, p 1113. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 429, p 521. See also *People v Lee,* 391 Mich 618, 641; 218 NW2d 655 (1974).

It is recognized that this form of charge is not without some background. 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 906, p 1211. *People v Portenga,* 134 Mich 247; 96 NW 17 (1903); *People v Tice,* 115 Mich 219; 73 NW 108 (1897). There was also no objection below. Nonetheless, it is an unlawful instruction and this Court can and has reviewed such matters *sua sponte. People v Crittle,* 390 Mich 367, 370–371; 212 NW2d 196 (1973); *People v Harrison,* 386 Mich 269, 275; 191 NW2d 371 (1971); *People v Dorrikas,* 354 Mich 303, 316; 92 NW2d 305 (1958).

Importantly, as my Sister M. S. COLEMAN points out, the alibi instruction was preceded by a separate paragraph, a proper general instruction on the presumption of innocence and that that presumption never shifts. This instruction and its proximity tends to mitigate the error of the alibi instruction taken by itself, but the instructions as a whole have further deficiencies which we will examine.

## II. FAILURE TO INSTRUCT ON ACCOMPLICE TESTIMONY

The judge's denigration of the alibi defense in the instant case must be compared with his failure to properly caution the jury on accepting the testimony of the accomplice.

## A. RULE AS TO INSTRUCTION ON CREDIBILITY OF ACCOMPLICES

The dangers inherent in receiving the testimony of an accomplice are spelled out in 30 Am Jur 2d, Evidence, § 1148, p 323 (notes omitted):

"The facts that the testimony of accomplices is not of the most satisfactory character and that it is attended with serious infirmities are matters recognized by the decisions and are too obvious and well understood to call for extended exposition. Testimony of an accomplice has been held to be fraught with weakness due to the effect of fear, threats, hostility, motives, or hope of leniency. The consideration of the infirmities of this kind of testimony goes to the credibility of the evidence and the law requires that such testimony be closely scrutinized and accepted with caution. From Crown political prosecutions, and before, to recent prison camp inquisitions, a long history of human frailty and governmental overreaching for conviction has justified distrust in accomplice testimony. It has been said that a skeptical approach to accomplice testimony is a mark of the fair administration of justice."

This Court has recognized that defendant has a right to have a special cautionary instruction given to the jury concerning such testimony.

"We think it is the duty of a judge to comment upon the nature of such testimony [of an accomplice], as the circumstances of the case may require; to point out the various grounds of suspicion which may attach to it; to

call their attention to the various temptations under which such witness may be placed, and the motives by which he may be actuated; and any other circumstances which go to discredit or confirm the witness, all of which must vary with the nature and circumstances of each particular case." *People v Jenness,* 5 Mich 305, 330 (1858).

This forthright position has been nibbled at, as my Sister M. S. COLEMAN has so ably noted, to the point that it is probably fair to say that the matter is within the discretion of the judge, *People v Dumas,* 161 Mich 45; 125 NW 766 (1910), except that once requested, a charge should probably be given.[1] *E.g., People v Zesk,* 309 Mich 129; 14 NW2d 808 (1944), where we stated, "[t]he trial judge probably would have charged the jury to carefully consider the weight of the accomplice's testimony had defendant's counsel made the request." 309 Mich 129, 133.[2]

While no definitive rule has appeared in the Federal courts, the omission of a cautionary instruction as to uncorroborated accomplice testimony has constituted reversible error in the first, second, third, fifth, eighth, ninth, tenth circuits,

---

[1] Even in *Dumas,* we emphasized that a request for an instruction had not been given before finding the judge was not obliged to give a cautionary instruction. 161 Mich 45, 47.

[2] In *Zesk,* citing Gillespie, we found it was " 'not error for the court to refuse to charge that it is not safe to convict a defendant, on the uncorroborated testimony of an accomplice.' " This is far different from asking a jury to carefully consider the credibility of the accomplice-witness. Gillespie suggests an instruction, specific to the testimony of fellow conspirators and accomplices.

"I charge you that the testimony of a self-accused conspirator or accomplice, should be carefully scrutinized to ascertain to what extent it is corroborated by other testimony or other witnesses or circumstances, and that it depends for the weight which you should give it upon the extent to which it is corroborated. Such testimony should be received by you with the utmost caution and care, because of the interest such witness may have in the outcome of the trial and his desire as a result of this interest to color or shade his testimony." 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 906, p 1226.

and the District of Columbia.[3] 17 ALR Fed 249, 291–292. "[T]he court must instruct the jury that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution." *United States v Birmingham*, 447 F2d 1313, 1317 (CA 10, 1971).

## B. THE BALANCED PRESENTATION

This was a case where the only evidence the prosecutor offered linking defendant with the crime was an eyewitness who could not make a positive identification of the defendant and testimony of an accomplice who was positively identified and who later pled guilty to the lesser charge of second-degree murder.

While defendant and his witness testified that they had been watching television at the witness's house all day, the prosecutor's witness, the accomplice, placed him at the crime. It is no exaggeration then to say that the prosecutor's case rested on the uncorroborated testimony of this accomplice and his credibility as a witness.

The issue, therefore, came down to whom to

---

[3] Most circuits, however, are not consistent in holding that such failure is, or is not, reversible error. The United States Supreme Court in *Caminetti v United States*, 242 US 470, 495; 37 S Ct 192; 61 L Ed 442 (1917), in refusing to reverse a judgment for failure to give such an instruction emphasized the validity of convictions on the basis of uncorroborated accomplice testimony and said it was the "better practice for courts to caution juries against too much reliance upon the testimony of accomplices and to require corroborating testimony before giving credence to such evidence. While this is so, there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them." Although this approach is more often followed than not, *e.g., United States v Stromberg*, 268 F2d 256 (CA 2, 1959), it has often been effectively limited. Failure to give a limiting instruction has been found to be reversible error. See text. *See, also, Davis v United States*, 411 F2d 1126 (CA 5, 1969), omission of warning in close evidentiary situations is reversible error; *DeCarlo v United States*, 422 F2d 237 (CA 9, 1970), limiting finding of no error to a situation where no request was made for an instruction.

believe, the defendant and his witness or the accomplice.

The jury was told by the judge that the alibi should be regarded with skepticism; "to examine carefully the evidence on that point, scrutinize any evidence in relation to the alibi. An alibi is a defense that is easily proven and hard to disprove. Therefore you will be careful and cautious bearing upon the question of alibi."

Testimony of the comparable witness on the prosecution's side was not limited by any such cautionary instructions.

While the judge offered instructions advising the jury to weigh the credibility of all witnesses, only the defense witness was singled out by an instruction denigrating his testimony. While a general instruction may, conceivably substitute for a special cautionary instruction, it is error to give only selective cautionary instructions. Defendant has the right to have a balanced presentation made to the jury.

## III. PROSECUTOR: "WE DON'T BRING CASES UNLESS WE'RE SURE"

Prior to trial defendant had been released following failure of the eyewitness to positively identify him at the initial lineup, and was only brought back into custody following a detective's interview with the accomplice. In his rebuttal summation to the jury, the prosecutor stated:

"[T]he Detroit Police Department, the detectives in the Homicide Bureau, these detectives you see in court today, and myself from the Prosecutor's Office, we don't bring cases unless we're sure, unless we're positive. So the Defendant, Mr. McCoy, was let go at that time because the evidence wasn't enough to be positive.

That's why he was arrested a month later because a month later the evidence was positive."

We understand that the prosecutor was faced with the problem of answering defendant's argument concerning his initial release. He claims he was speaking to the question of identification, and not guilt. However, even viewed in this favorable light, his remarks were less than proper.

## IV. CONCLUSION

The combination of an erroneous alibi instruction, failure to balance the defendant-denigrating alibi instruction with an appropriate instruction on the credibility of an accomplice's testimony, plus improper closing remarks of the prosecutor are convincing that the defendant did not receive a fair and balanced trial.

For cases tried after the publication of this opinion, it will be deemed reversible error (1) to denigrate the alibi defense "as easily proven and hard to disprove" or to suggest that it is the burden of the defendant to "establish" the defense; (2) to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge. We also emphasize in this summary that it is not permissible for the prosecutor to vouch for the defendant's guilt on his own knowledge or on the knowledge of police officers who did not testify.

The Court of Appeals and the trial court are reversed, and the matter is remanded to the trial court.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, and LEVIN, JJ., concurred with WILLIAMS, J.

M. S. COLEMAN, J. *(dissenting).*

## FACTS

Defendant is appealing the Court of Appeals' affirmance of his conviction by a jury of first-degree murder. He was sentenced to life imprisonment.

On March 7, 1970 two men entered the Oak Leaf Variety Store in Detroit. One man produced a pistol and ordered the proprietors to remain stationary. The other man opened the cash register and removed 10 or 12 dollars.

During this activity a shot was fired. Thomas Cook, the 79-year-old male owner, was killed. The other proprietor, Lillian Harris, could not positively identify the murderer. At a showup and during trial she did identify defendant as resembling the man with the pistol. She positively identified the accomplice as being Vincent Carter.

Defendant was arrested after the murder but was released on March 13th when Lillian Harris failed to identify him positively from a lineup. Carter remained in custody. The police later received information from Carter that defendant was the murderer. He was rearrested on April 16, 1970.

At trial Carter testified that defendant and he were the robbers. He said that defendant had fired the shot which killed Thomas Cook. Vincent Carter had not pled guilty to second-degree murder at the time of the trial, but he testified that his attorney had advised him to do so. He stated that he had been given no promises of leniency.

The defense was alibi. The one defense witness said that defendant had spent the entire day at his house watching television. Defendant gave similar

testimony. He denied owning a gun. He denied knowing Vincent Carter.

During closing argument defense counsel reminded the jury that defendant had been released in March. He said that the police "released him because they were not certain" and the police did not arrest defendant until "a deal is concocted where Vincent Carter becomes a witness". Referring to defendant, he said: `

"[The police] let this boy go and one month later they bring him back again into the picture. Why? Because Vincent Carter will do anything to get himself off the hook."

Defense counsel repeatedly referred to defendant's discharge and rearrest. He repeatedly questioned Carter's reliability.

In rebuttal, the prosecutor said defendant was originally released

"because at that time the only evidence against Arsner McCoy was the testimony of Lillian Harris who said he looked like the man but she wasn't sure, she couldn't be positive. And the Detroit Police Department, the detectives in the Homicide Bureau, these detectives you see in court today, and myself from the Prosecutor's Office, we don't bring cases unless we're sure, unless we're positive. So the Defendant, Mr. McCoy, was let go at that time because the evidence wasn't enough to be positive. That's why he was arrested a month later because a month later the evidence was positive."

He denied that Carter's testimony was rehearsed or given in return for a promise of leniency (as had Carter). Defendant's counsel did not object to the rebuttal.

In instructing the jury, the court reminded them that a man is presumed innocent and that presumption never shifts. The prosecutor's obligation

was to prove guilt beyond a reasonable doubt. Such reminders were given frequently during the instructions.

An instruction on alibi was given although no request was made:

"The defense in this case it is claimed intends to show an alibi of the defendant. Well this is a defense that is legitimate. If it is true that this defendant was not in a condition where he could have committed this crime or was not at the place where the crime was committed that should and would be a perfect defense. But in the consideration of that class of the defense it is necessary for you to take into consideration the fact, and it is your duty as jurors to examine carefully the evidence on that point, scrutinize any evidence in relation to the alibi. An alibi is a defense that is easily proven and hard to disprove. Therefore you will be careful and cautious bearing upon the question of alibi. I say if it is established and you believe the evidence, in other words if you believe that the defendant was not in a position so that he could have committed the crime or could not have been there, of course, that is an absolute defense."

The court also said the jurors were "the sole judges of the credibility of the witnesses":

"And in weighing and measuring the testimony of any witness and in determininm [sic] what credence shall be given to that testimony. [sic] You have the right to take into consideration any bias or prejudice or motives that may have actuated the witness into so testifying. You have the right to take into consideration any interest that the witness may have in the outcome of this case. In that connection in weighing and measuring the testimony of the parties who have testified in this case, you have the right to take into consideration their interest in the outcome of this case because they are more interested than anyone else."

No objection was made to the instructions.

The Court of Appeals did not review the substance of defendant's allegations of errors. It felt appellate review of the instructions was precluded by the failure to request instructions and the failure to object to the instructions as given. Lack of objection foreclosed review of the prosecutor's rebuttal argument. No manifest injustice resulted which could override the lack of objection.

## ISSUES

### I

Defendant contends that the trial court incorrectly instructed the jury as to the alibi defense. He claims this is reversible error even in the absence of a request for instructions or an objection to the instructions as given.

### II

Defendant argues that the trial court has a duty, even without request, to instruct the jury to regard an accomplice's testimony with grave suspicion and to examine it carefully.

### III

Defendant says that the prosecutor's rebuttal was prejudicial as it amounted to an official certification that the evidence was positive proof of defendant's guilt.

The people argue to the contrary.

## STATUTE AND RULE

MCLA 768.29; MSA 28.1052 reads in full:

"It shall be the duty of the judge to control all

proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

GCR 1963, 516.1 and .2 read in part:

".1 Request for Instructions. At or before the close of the evidence, any party may, or at any time the Court reasonably directs, the parties shall, file written requests that the court instruct the jury on the law as set forth in the request. * * * The court may make such comments on the evidence, the testimony, and the character of the witnesses as in its discretion the interests of justice require.

".2 Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Honigman & Hawkins say the purpose of instructions "is to explain the issues and the legal principles applicable to the facts in issue". The comment further states that each party "is entitled to have his theory of the case, if supported by the evidence, explained to the jury".

## DISCUSSION

### I

Defendant's first allegation concerns what he

deems to be an erroneous instruction regarding his alibi defense. Despite the lack of both request and objection, defendant claims this warrants reversal because the court had a duty to instruct accurately as to his theory of the case.

In this case, the trial court, without request, (and without objection) instructed the jury as to defendant's alibi defense. By so doing, the court became obligated to give proper instructions. If the charge misled the jury, then defendant's conviction could not stand.[1]

The instruction given is supported by the case law. It is identical to the instruction approved in *People v Portenga*, 134 Mich 247; 96 NW 17 (1903). That Court further said at pp 248–249:

"This language did not instruct the jury to discredit the defendant's testimony, nor did it indicate to them that they should be controlled by any supposed view entertained by the court. It simply cautioned the jury to carefully examine that testimony. Cases might arise in which it would be unnecessary, and perhaps improper, to extend such a caution; but, as the record in this case does not contain the testimony referred to, we are bound to assume, under the authority of *People v Tice*,

---

[1] *See People v Liggett*, 378 Mich 706; 148 NW2d 784 (1967). The Court's review of the cases disclosed these principles as listed at p 714:

"It is settled law of this State that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People v. Prinz,* 148 Mich 307 [111 NW 739 (1907)]; *People v. Kanar,* 314 Mich 242, 254 [22 NW2d 359 (1946)]; *People v. Hearn,* 354 Mich 468 [93 NW2d 302 (1958)]. Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v. MacPherson,* 323 Mich 438, 448 *et seq.* [35 NW2d 376 (1949)]; *People v. Guillett,* 342 Mich 1, 7 [69 NW2d 140 (1955)]; *People v. Oberstaedt,* 372 Mich 521, 526 [127 NW2d 354 (1964)]. Defendant has a right to have a properly instructed jury pass upon the evidence. *People v. Visel,* 275 Mich 77, 81 [265 NW 781 (1936)]."

115 Mich 219 (73 NW 108, 69 Am St Rep 560 [1897]), that this was a case in which it was proper to extend it."

Also see *People v Trzil,* 235 Mich 469; 209 NW 564 (1926), *People v Wudarski,* 253 Mich 83; 234 NW 157 (1931), *People v Marcus,* 253 Mich 410; 235 NW 202 (1931) and *People v Schaner,* 302 Mich 6; 4 NW2d 444 (1942).

However, defendant claims the instruction derogates the defense of alibi. He claims that the jury was, in effect, told that an alibi is a defense only if they believe the alibi. This is not what the judge said. He said that it would be an "absolute defense" if the jury believed the alibi evidence and emphasized repeatedly the presumption of innocence afforded defendant and the prosecution's obligation to prove defendant's guilt beyond a reasonable doubt. Thus, if the alibi raised a reasonable doubt as to defendant's guilt, the jury was instructed to find him not guilty. Unless the Court now desires to change law, the instructions as given, were not erroneous.

## II

Defendant claims the trial court had a duty to instruct the jury that Vincent Carter's testimony should be regarded with "grave suspicion". No request for such an instruction was made. The court instructed the jury that they could consider motive, prejudice, bias or interest in weighing testimony. The court did not focus on Carter's testimony but applied the instruction to all witnesses. No objections were raised.

The trial court is permitted by statute and court rule to comment on the evidence, the testimony and character of a witness if the interest of justice

requires. The judge may, but is not required, so to act. It is within his discretion.

There is early case law indicating it is the court's duty to comment upon the testimony of an accomplice. See *People v Jenness,* 5 Mich 305 (1858). However, this predates the statute and court rule. It also appears that the directive was not a rigorously applied precedent.

Justice CAMPBELL addressed this topic in *Hamilton v People,* 29 Mich 173 (1874). He wrote at p 188 that the testimony of an accomplice

"was properly left to the jury to believe or not, whether standing alone or corroborated. It was for them to determine to what extent they could credit him, and all of the circumstances of his employment and conduct were proper to be considered as affecting his credit, and they should have been so instructed. But they could not be directed what force to give to these matters. That was their own province."

A court's duty regarding accomplice testimony was reviewed in *People v Dumas,* 161 Mich 45; 125 NW 766 (1910). The Court noted *Jenness* but intimated that the discussion there was more explanation than ruling. Their analysis resulted in these conclusions:

"It is the long settled rule in this State that the credibility of an accomplice, like that of any other witness, is a question exclusively for the jury. And while there have been intimations, rather than rulings, as to the effect that it is proper, or is not improper, especially in cases where an accomplice is the sole witness upon a material point, for the trial court to direct the attention of the jury to the circumstance and invite the exercise of caution upon the part of the jury, we know of no decision of this court in which it is held or intimated that the failure of the court to indulge in

voluntary comment is ground for reversal. * * * The general subject was discussed in the opinion in *People v. Wallin,* 55 Mich. 497, 505 (22 N.W. 15) [1885], in connection with a general request made by the defense to the trial judge that he point out to the jury the circumstances tending to discredit a witness which the court refused to do. It was said:

"'We repeat that instructions respecting the credibility of witnesses, which involve no question of law, are not matter of right. The judge is under no obligation to comment upon the facts; he may, if he chooses, confine himself strictly to laying down such rules of law as must guide the action of the jury, and leave the facts to them without a word of comment. In many cases this is no doubt the desirable course. And it is always within the discretion of the judge to adopt it.'" (pp 48–49.)

Also see *People v Zesk,* 309 Mich 129; 14 NW2d 808 (1944) and *People v DeLano,* 318 Mich 557; 28 NW2d 909 (1947).

In *People v Sawicki,* 4 Mich App 467; 145 NW2d 236 (1966), the Court rejected the contention which defendant in the instant case has advanced. It was noted that defense counsel was not restricted in his cross-examination and fully explored the circumstances of the accomplice's testimony. The Court said at p 475:

"In a criminal case it is not only proper but it is the duty of counsel for defendant to place before the jury all circumstances surrounding the people's witness upon the stand, as well as any fact which would have any reasonable tendency to affect their credibility. It is the function of the jury to decide first if the witness is interested, and second if the witness' interest has affected the credibility of his testimony. The trial judge is not required to comment in his instruction concerning a witness' interest since it bears upon the question of credibility which is reserved to the jury. *People v. Hare* (1885), 57 Mich 505 [24 NW 843]; *People v. Simard* (1946), 314 Mich 624 [23 NW2d 106]."

Also see *People v Billings,* 19 Mich App 348; 172 NW2d 494 (1969) and *People v Maybee,* 44 Mich App 268; 205 NW2d 244 (1973).

The instruction which defendant says the court should have given without request does not go to defendant's theory of the case. It is not required by either statute or case law. There is no indication that failure so to instruct the jury denied defendant a fair trial. There is no basis for concluding that injustice has resulted. In fact, the accomplice was thoroughly cross-examined and the jury fully aware of all facets of his involvement. The judge correctly instructed that the testimony of all witnesses should be considered as to motive, prejudice, bias or interest in the outcome.

### III

Defendant's final contention is based upon the prosecutor's rebuttal during closing arguments. Defendant's counsel did not object. The people argued that the comments concern identification. The comments were in response to argument regarding defendant's initial release by the police. The prosecutor indicated that suspects are not charged with the commission of a crime until authorities are satisfied that the evidence warrants such action. The prosecutor's statements did not forward his personal opinion that defendant was guilty. They constituted rebuttal to defendant's extended remarks. The statements do not constitute reversible error.

We would affirm conviction of defendant.

J. W. Fitzgerald, J., concurred with M. S. Coleman, J.