## PEOPLE v PHIFER

### Opinion of the Court

1. Criminal Law—Alibi—Instructions to Jury—Burden of Proof.

   The alibi instruction given by the trial judge impermissibly shifted the burden of proof from the prosecutor to the defendant where the judge stated that the alibi, in order to be legally effective, must cover the entire time during which the crime is alleged to have been committed.

2. Criminal Law—Alibi—Instructions to Jury—Acquittal—Reasonable Doubt.

   Alibi instructions, when read as a whole, must adequately advise that the defendant must be acquitted if any reasonable doubt exists as to his presence at the scene of the crime.

3. Criminal Law—Instructions to Jury—Alibi—Case Precedent—Retroactivity.

   An instruction telling a jury that they should view an alibi defense with caution, as that defense is easy to prove and hard to disprove, is reversibly erroneous since August 2, 1974, the date of a decision of the Michigan Supreme Court which so holds; however, that decision is not retroactive.

4. Criminal Law—Alibi—Prosecutors—Proofs.

   The defendant in a criminal case who asserts an alibi defense does not have to provide an airtight alibi covering the whole time in question nor does he have to prove he could not have reached the place in time to commit the crime, as the prosecutor must introduce proofs that he had ample time to arrive at the scene of the crime at the time of its perpetration.

5. Criminal Law—Alibi—Evidence—Reasonable Doubt.

   Although alibi evidence may be insufficient to establish the alibi as a separate fact, it may be considered by the jury for the purpose of raising a reasonable doubt on all the evidence.

---

References for Points in Headnotes
[1-7] 21 Am Jur 2d, Criminal Law § 137.
  75 Am Jur 2d, Trial § 756.

6. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY—BURDEN OF PROOF.

Alibi instructions, read as a whole, were reversibly erroneous where the judge first stated the correct rule and then nullified it and thereby improperly shifted the burden of proof to defendant.

DISSENT BY J. H. GILLIS, P. J.

7. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY—BURDEN OF PROOF.

*The fact that the court advised the jury that the defense of an alibi is designed to prove a certain point is not a statement shifting the burden of proof to the defendant.*

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted October 10, 1975, at Detroit. (Docket No. 21181.) Decided December 3, 1975. Leave to appeal denied, 396 Mich 857.

Melvin E. Phifer was convicted of rape and assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Larry Roberts,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J. Defendant was found guilty by a jury of rape, contrary to MCLA 750.520; MSA 28.788, and assault with intent to rob being armed, contrary to MCLA 750.89; MSA 28.284. He was sentenced to a prison term of 1 to 10 years, and appeals by right.

At trial, the complaining witness testified that she was raped by defendant as she was returning home from night school classes. The physician who examined the complaining witness that night testified that he could find no sign of sperm or other evidence of rape.

Defendant testified that he was home entertaining guests at the time the complaining witness testified the rape occurred. Two alibi witnesses were called to support his testimony.

Defendant contends that the alibi instruction given by the trial judge impermissibly shifted the burden of proof from the prosecutor to the defendant. That instruction reads as follows:

"Now, the Defendant has offered an alibi defense and witnesses have taken the stand to establish this alibi. An alibi is an effort to prove by testimony that the defendant was at some other place than that where the act occurred at the time of the taking place of that act.

"Now, the defense of alibi is as a legitimate a defense as any other defense and you are to give the same credit to the witnesses who testified concerning it as you do to the witnesses who testified to anything else.

"If you have a reasonable doubt as to whether the defendant was there at the time, and place named there at the time the offense took place, then you should acquit him.

"The burden of proof is upon the state to show that he was there at the time and place in question. The burden of proof does not shift to the Defendant. That is the law regarding an alibi.

"But ladies and gentlemen of the jury, you are to scrutinize any evidence in relation to it as an alibi is a defense easy to prove and hard to disprove. Therefore, you should carefully and cautiously examine the evidence in regard to it.

"Let me repeat. The defense of an alibi is designed to prove that the accused, during the whole time that the crime was being committed, was so far from the place

where the crime occurred that he could not have partic-ipated in it, or that he was so far away that he could not, with ordinary exertion, have reached the place in time to participate in the crime.

"In order to be legally effective, it must cover the entire time during which the crime is alleged to have been committed. Alibi involves the impossibility of the accused's presence at the scene of the offense, at the time of its commission."

We agree with defendant, and reverse his convic-tion.

Alibi instructions, when read as a whole, must adequately advise the jury that the defendant must be acquitted if any reasonable doubt exists as to his presence at the scene of the crime. *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), held that an instruction telling a jury that they should view the alibi defense with caution, as that de-fense is easy to prove and hard to disprove, is reversibly erroneous. However, *McCoy* is not retro-active, *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975), and this trial took place prior to the release of *McCoy.*

The first half of the instructions (that part end-ing with the *McCoy* language) is substantially identical to the alibi instructions upheld in *People v Erb, supra.* In addition, that part of the instruc-tions is better than the unobjected-to instructions upheld in *People v Lee,* 391 Mich 618, 641; 218 NW2d 655 (1974), a case indicating the Supreme Court view of pre-*McCoy* law. Consequently, we must determine if the pronouncements by the trial judge after that point were sufficiently misleading or erroneous to make the instructions as a whole reversibly erroneous.

The second part of the alibi instructions clearly

shifted the burden of proof to defendant. The defendant does not have to provide an airtight alibi covering the whole time in question. *People v Watkins,* 54 Mich App 576, 580; 221 NW2d 437 (1974). Nor does he have to prove he could not have reached the place in time to commit the crime, as the prosecutor must introduce proofs that he had ample time to arrive at the scene of the crime at the time of its perpetration. *People v Owens,* 3 Mich App 707, 712; 143 NW2d 574 (1966). Although alibi evidence may be insufficient to establish the alibi as a separate fact, it may be considered by the jury for the purpose of raising a reasonable doubt on all the evidence. *People v Marvill,* 236 Mich 595, 599; 211 NW 23 (1926).

An instruction containing similar language as in the latter part of the present one was held to violate those rules in *Stuart v People,* 42 Mich 255; 3 NW 863 (1879). Therein, the Court concluded:

"The instruction that proof of an *alibi* 'must cover the time that the offense is shown to have been committed, *so as to preclude the possibility of the prisoner's presence at the place of the burglary,'* * * * and that 'the value of the defense consists in his showing that he was absent from the place where the deed was done, and *at the very time* that the evidence of the People tend to fix its commission upon him. If, however, *it be possible that he could have been at both places, the proof of alibi is valueless,'* was casting a burden upon the accused much heavier than the law would justify or than it required. No such strict proof is required, and to so hold would render the defense, no matter how honestly made, in most cases valueless. For this error the judgment must be reversed and a new trial ordered." 42 Mich, at pp 260–261 (Emphasis supplied by the Court).

Here, the trial court additionally introduced the

second portion of his instructions with the phrase "let me repeat", tending to emphasize that portion as a summary of all that had been previously stated. The trial judge first stated the correct rule and then nullified it. Since the credibility of the witnesses in this case was crucial, we find that the alibi instructions, read as a whole, improperly shifted the burden of proof to defendant, and were reversibly erroneous.

We need not reach the other issues raised by defendant.

Reversed and remanded.

T. M. Burns, J., concurred.

J. H. Gillis, P. J. *(dissenting)*. The facts in this case have been fully set forth in the majority opinion.

*People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), as delineated in the majority opinion is not retroactive and does not apply to this case.

The second part of the alibi instructions did not shift the burden of proof to defendant. The fact that the court advised the jury that the defense of an alibi is designed to prove a certain point is not a statement shifting the burden of proof to the defendant. The court correctly pointed out in the earlier portion of the charge that the burden of proof does not shift to the defendant. I do not equate the language used here with that in *Stuart v People,* 42 Mich 255; 3 NW 863 (1879).

The other two issues raised on appeal have been examined and I find no reversible error.

I would affirm