PEOPLE v CONNOLLY

1. Criminal Law—Accomplices—Definition.

A person is an accomplice if he could be charged with the same offense as the accused is charged.

2. Criminal Law—Instructions to Jury—Oral Requests—Time Limits for Requests—Statutes—Court Rules.

An oral request to charge may be sufficient because neither statute nor court rule foreclose oral requests for jury instructions nor limit the time for making them (MCLA 768.29; MSA 28.1052, GCR 1963, 516.1).

3. Criminal Law—Instructions to Jury—Cautionary Instructions —Balanced Instructions—Accomplices—Credibility of Accomplices—Testimony of Accomplices.

A defendant charged with a crime has the right to have a balanced presentation made to the jury and refusal to give a requested cautionary instruction concerning the credibility of an accomplice after specifically instructing on the defendant's credibility is reversible error because the court owes the defendant fair and balanced instructions.

Appeal from Wayne, Charles Kaufman, J. Submitted June 14, 1977, at Detroit. (Docket No. 30971.) Decided November 14, 1977.

Edward J. Connolly was convicted of obtaining money over $100 by false pretenses. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Re-

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 118.
[2] 75 Am Jur 2d, Trial §§ 580, 583, 690.
[3] 75 Am Jur 2d, Trial §§ 682, 690.

search, Training & Appeals, and *Craig L. John,* Assistant Prosecuting Attorney, for the people.

*John R. Hayes* and *Carl Ziemba,* for defendant.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. The defendant was convicted in a jury trial of obtaining over $100 by false pretenses. MCLA 750.218; MSA 28.415. At issue is whether it was error for the trial court to refuse to give a requested cautionary instruction to the jury concerning accomplice testimony. *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).

The prosecutor gave immunity to witness Francis L. Wisniewski in return for his testimony at trial. Wisniewski confessed to being part of a scheme to defraud an insurance company after his motorboat had been damaged. Wisniewski was an accomplice because of his deep involvement in the fraudulent transaction. In *People v Threlkeld,* 47 Mich App 691, 696; 209 NW2d 852 (1973), we said:

" * * * a person is an 'accomplice' if he *could* be charged with the same offense as the accused is charged." (Emphasis added.)

Further, we find that while the defense's request for the *McCoy* instruction was oral and not written, it was nevertheless made. We distinguish the instant case from *People v Wynn,* 386 Mich 627; 194 NW2d 354 (1972), because here, as in *People v Herbert Van Smith, Jr,* 388 Mich 457, 460; 203 NW2d 94 (1972), there was an oral request to charge. Statute and court rule, GCR 1963, 516.1 and MCLA 768.29; MSA 28.1052 do not prescribe

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the time at which a request must be made. Neither statute nor court rule forecloses oral requests nor limits the time for making them.

Where, as here, the trial judge specifically instructed the jury on the credibility of the defendant, the court owes the defendant a balanced, fair instruction on accomplice testimony. *McCoy, supra.*

We have carefully considered the remaining issues on appeal, but due to our disposition of this case, we need not discuss them here.

Reversed, remanded for a new trial.