STATE of Wisconsin, Plaintiff-Appellant,

v.

Samuel R. JONES, Defendant-Respondent.

Court of Appeals

*No. 80–215–CR. Submitted on briefs August 22, 1980.—*
*Decided September 9, 1980.*
(Also reported in 298 N.W.2d 100.)

For the plaintiff-appellant there was a brief by *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

For the defendant-respondent there was a brief by *Hanson & Gasiorkiewicz* of Racine.

Before Voss, P.J., Brown and Scott, J.J.

BROWN, J.  The issue is whether one may be convicted of harboring or aiding a person suspected of having committed a felony even though the named principal has not yet been convicted. The trial court ruled in the negative, and the state claims error. The error is conceded by the defendant. We reverse the trial court.

Samuel R. Jones, a police officer, is charged with helping a man accused of bank robbery. It is alleged that, while on duty, Jones helped the man escape from an encircling dragnet near the scene of the crime by driving the man away in a squad car. He was charged with harboring or aiding a felon pursuant to sec. 946.47, Stats., the pertinent part of which states as follows:

(1)  Whoever does either of the following is guilty of a Class E felony:

(a)  With intent to prevent the apprehension of a felon, harbor or aids him; . . .

. . .

(2)  As used in this section "felon" means either of the following:

(a)  A person who commits an act within the jurisdiction of this state which constitutes a felony under the law of this state; . . . .

The trial court held that one is not a felon within the meaning of sub. (2) (a) unless he has been convicted of a felony.  Although this definitional question has not been previously resolved by a Wisconsin court, we resort to *in pari materia* analysis of other statutory interpretation by the Wisconsin Supreme Court to aid us.

*State v. Shears,* 68 Wis.2d 217, 240, 229 N.W.2d 103, 115 (1975), affirmed the long-standing rule that an aider or abettor may be convicted as a party to a crime although the principal has not been convicted.[1]  The principal does not even have to be identified.  The state is required to prove only that the offense has been committed.

We hold that the state's burden in a harboring or aiding a felon prosecution is analogous to the burden in a party to a crime charge.  The crime for which Jones is accused differs only in that he is an alleged accessory after the fact.  Those accused of aiding and abetting in a party to a crime charge usually have advance knowledge of the crime itself.  There is no reason why the distinction must necessitate a different holding in this case than the party to a crime case.  As stated in *Backun v. United States,* 112 F.2d 635, 637 (4th Cir. 1940): "Guilt as an accessory depends, not on 'having a stake' in the outcome of the crime, . . . but on aiding and assisting the perpetrators . . . ."

---

[1] *See also State v. Hess,* 233 Wis. 4, 6, 288 N.W. 275, 276 (1939).

The policy behind the *Shears* rule is that where the evidence adduced at an accessory's trial demonstrates beyond a reasonable doubt that a felony was in fact committed and the defendant was an accessory to that crime, the defendant should not escape justice because there is no conviction in the principal's case. This same policy applies to those accused of harboring or aiding a felon. Whether the principal has been convicted should be of no consequence.

Nor does the wording of the statute require conviction of the principal as a prerequisite to charging the accused under sec. 946.47, Stats. The statute defines "felon" as one who "commits an act . . . which constitutes a felony." Commission of the act is the dispositive factor, not whether the actor has been brought into the criminal justice system.

Commission of an act is not synonymous with conviction. Conviction is defined under sec. 939.73, Stats., which states: "A penalty for the commission of a crime may be imposed only after the actor has been duly convicted in a court of competent jurisdiction."

We have no trouble holding that the legislature meant to define "felon" in sec. 946.47, Stats., as a person who engages in prohibited felonious conduct, whether convicted or not. The legislature clearly differentiated between commission and conviction when defining the word "felon" in formulating the statute. Consequently, it is not required that conviction of a felon be a prerequisite to charging under sec. 946.47, Stats. The state must instead prove: (1) that the offender committed the offense; (2) that the accused had actual knowledge of the offense, and (3) that with such knowledge, he assisted the offender with the intent to prevent apprehension, prosecution or conviction.

The defendant, although conceding the trial court erred, asks us to affirm dismissal of the complaint be-

cause the complaint is insufficient to establish probable cause. We decline to rule on this issue since it has not first been decided by the trial court. We, therefore, remand this case to the trial court with directions to hear whether the complaint is insufficient to establish probable cause.

*By the Court.*—Order reversed and cause remanded with directions.