STATE of Wisconsin, Plaintiff-Respondent,

v.

Pamela A. SCHMIDT, Defendant-Appellant.

Court of Appeals

*No. 97–3131–CR. Submitted on briefs May 11, 1998.—Decided July 30, 1998.*

(Also reported in 585 N.W.2d 186.)

191

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph L. Sommers* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

VERGERONT, J. Pamela A. Schmidt appeals a judgment of conviction for aiding a felon contrary to § 946.47(1)(a), STATS., and from an order denying her postconviction motions. The dispositive issue on appeal is whether the statute requires that the felon be wanted for the commission of a felony at the time Schmidt aided him and requires that Schmidt knew this at the time she aided him. We conclude that the statute does not require proof of either of these elements, and we therefore affirm.

## BACKGROUND

The complaint charged Schmidt with unlawfully and intentionally aiding a parolee, Christopher Joros, contrary to § 946.46, STATS.,[1] and feloniously and intentionally preventing the apprehension of a felon, Christopher Joros, contrary to § 946.47(1)(a), STATS.[2] Some of the pertinent facts are undisputed. Joros was

---

[1] Section 946.46, STATS., provides:

**Encouraging violation of Probation or Parole.** Whoever intentionally aids or encourages a parolee or probationer or any person committed to the custody or supervision of the department of corrections or a county department under s. 46.215, 46.22 or 46.23 by reason of crime or delinquency to abscond or violate a term or condition of parole or probation is guilty of a Class A misdemeanor.

[2] Section 946.47, STATS., provides in part:

**Harboring or Aiding Felons.** (1) Whoever does either of the following is guilty of a Class E felony:

convicted of a felony,[3] and released from prison on parole on October 24, 1995. Schmidt and Joros had had a long-term relationship. Schmidt was present when Joros met with his parole agent and discussed some of the conditions of parole, one of which was that he have no in-person contact with Schmidt, only phone contact. On December 15, 1995, a warrant for Joros' arrest was issued for a violation of the conditions of his parole, because his agent had information that he was living at Schmidt's residence.

At the preliminary hearing, the State presented the following evidence concerning the events of January 3, 1996, which gave rise to the charges against Schmidt. On that date Officers John Rife, Carren Corcoran-Lund and Mary Anne Thurber of the City of Madison Police Department went with the warrant to 1005 Debra Lane in the City of Madison. While at 1005 Debra Lane, Officer Rife spoke with Bradford Gest, who stated that he lived at that address. Officer Rife told Gest that he had reason to believe that "a wanted person" named Christopher Joros was currently inside the home at 1005 Debra Lane, and Gest told Officer

---

(a) With intent to prevent the apprehension of a felon, harbors or aids him or her. . . .

(2) As used in this section "felon" means either of the following:

(a) A person who commits an act within the jurisdiction of this state which constitutes a felony under the law of this state. . . .

[3] It appears that the felony conviction was for second-degree sexual assault, and the victim of that offense was Schmidt's minor daughter. However, because of the stipulation between the parties that Joros was convicted of a felony in 1987 and that Schmidt knew of this at the relevant time, there was no evidence presented to the jury concerning the nature of the felony.

Rife that he could look around. While looking around, Officer Rife saw a female, later identified as Schmidt, come from a back bedroom. According to Officer Rife, when Schmidt saw him and Officer Corcoran-Lund she quickly shut the bedroom door behind her. Officer Rife testified that he told Schmidt that he had information that Christopher Joros was wanted on a felony parole violation warrant and was currently in the residence. Schmidt replied that she lived there, denied that Joros was there, and told Officers Rife and Corcoran-Lund that they could not search for him.

Officer Rife then spoke with Gest, who told the officer that he believed that Joros was in Schmidt's bedroom. Gest said that he (Gest) lived in the home and was a child-care provider for Schmidt's children. Officer Rife spoke again with Schmidt and asked her if Joros was in the house. Schmidt answered no. Officer Rife opened the bedroom door and saw a man, later identified as Joros, trying to hide at the foot of the bed.

Officer Corcoran-Lund testified that after Officer Rife found Joros hiding in the bedroom, Schmidt told her that she (Schmidt) was aware that there was a warrant for Joros' arrest and had made a conscious decision that she would assist in hiding him.

At the close of the preliminary hearing, Schmidt moved for dismissal on the grounds that there was no evidence that she knew Joros was a felon on the day he was being sought—rather, she knew only that he was on parole—and there was no evidence that she aided him. The trial court denied the motion and Schmidt was bound over for trial.

One day prior to trial, Schmidt filed a motion to dismiss on the ground that § 946.47, STATS., requires that the person being harbored have committed an underlying felony of which the defendant is aware, and

that the felony is the conduct triggering the search for the person. The trial court denied the motion because it was not made within twenty days of the arraignment, and, alternatively, because it lacked merit. On the merits of the motion, the court stated:

> In this case, I'm satisfied the elements of the offense apply, if the state can prove Mr. Joros was a felon at the time, if the state can prove that he was wanted at the time, and if they can prove that the defendant knew he was a felon, knew he was wanted, and harbored or aided to prevent that apprehension.

Prior to trial, the parties stipulated that Joros was a convicted felon during the relevant time period, October 24, 1995 to January 3, 1996, and that Schmidt knew that he was a convicted felon during that same time period. The disputed elements of the aiding a felon charge were whether Schmidt aided Joros and whether she did so with the intent to prevent his apprehension.

At trial, the State presented essentially the same testimony it had presented at the preliminary hearing, although amplified. Schmidt testified that she knew one of the initial conditions of Joros' parole was that he have no contact with her except telephone contact, but he told her that condition had been removed. She believed him and allowed him to move in with her. She acknowledged that Officer Rife told her on January 3 that he had a parole apprehension warrant for Joros, but, she testified, she asked to see the warrant and it was not shown to her. She believed the officers had to show it to her. She acknowledged telling Officer Rife once that Joros was not there. Her version of the conversation with Officer Corcoran-Lund was that she told Corcoran-Lund she knew what she did was wrong and she made a conscious decision, but she denied saying

she made a conscious decision to aid Joros. What she meant by "conscious decision," Schmidt testified, was that she made a conscious decision to believe Joros instead of checking on what he told her.

At the close of the State's case, Schmidt renewed the pretrial motion for dismissal, and the trial court again denied her motion. The jury found Schmidt guilty of aiding a felon and not guilty of aiding a parolee to violate a condition of parole. Schmidt filed subsequent postconviction motions asserting that the trial court erred when it denied the motion to dismiss; Schmidt's trial counsel was ineffective for failing to timely file the pretrial motion to dismiss; and there was insufficient evidence to convict her for aiding a felon because Joros was wanted only for a parole violation. The trial court denied the postconviction motions. On appeal Schmidt raises the same claims of error asserted in her postconviction motions.

## DISCUSSION

■

Schmidt's primary contention on appeal, as it was before the trial court, is that § 946.47(1)(a) and (2)(a), STATS., are ambiguous concerning whether the person aided must be now wanted for conduct that constitutes a felony, or may be a convicted felon who is now wanted for conduct that is a parole violation. Schmidt contends that, properly construed, these sections require proof of the former. This is an issue of statutory interpretation, a question of law which we review de novo. *State v. Sample*, 215 Wis. 2d 486, 494, 573 N.W.2d 187, 190 (1998).

■

The purpose of statutory interpretation is to discern the legislative intent. *Lincoln Sav. Bank, S.A. v.*

*DOR,* 215 Wis. 2d 430, 441, 573 N.W.2d 522, 527 (1998). We first consider the language of the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, we will not look outside the statutory language to ascertain the intent of the legislature. *Id.* A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons, but it is not ambiguous merely because the parties disagree as to its meaning. *Sample,* 215 Wis. 2d at 494, 573 N.W.2d at 191. If a statute is ambiguous, we look to the scope, history, context, subject matter and object of the statute in order to ascertain legislative intent. *Id.* However, resort to legislative history is not appropriate in the absence of a finding of ambiguity. *Id.* Whether a statute is ambiguous is a question of law. *Awve v. Physicians Ins. Co. of Wis., Inc.,* 181 Wis. 2d 815, 822, 512 N.W.2d 216, 218 (Ct. App. 1994).

We conclude that the statute is not ambiguous. The plain language of § 946.47(1)(a) and (2)(a), Stats., suggests no distinction between a person who has already been convicted of a felony and is now wanted for a parole violation following that conviction, and a person who is now wanted for, but has not yet been convicted of, a felony. Each is a "felon" within the definition of § 946.47(2)(a) because each "commits an act . . . which constitutes a felony under the law of this state." Section 946.47(1)(a) refers to a person who with "intent to prevent the apprehension of a felon, harbors or aids him or her." The statute does not indicate that apprehension must be sought because of a felony for which the person has not yet been convicted. Had the legislature wished to limit the statute in this way, it could easily have done so. However, the legislature

chose to focus on the status of the person harbored or aided as a "felon" and then to define "felon" in a way that includes persons sought to be apprehended now for the commission of a felony, and persons previously convicted of a felony who are now sought for other reasons such as a parole violation.

We disagree with Schmidt that *State v. Jones*, 98 Wis. 2d 679, 298 N.W.2d 100 (Ct. App. 1980), supports her position. In *Jones*, we considered whether the definition of "felon" in § 946.47(2)(a), STATS., required that the person harbored be a convicted felon, and we concluded that it did not: commission of a felony was the dispositive factor, we held, not whether there had been a conviction. *Jones*, 98 Wis. 2d at 681, 298 N.W.2d at 101. Because the individual harbored in *Jones* was being sought for a felony for which he had not yet been convicted, we did not address or decide the issue presented in this case.

Schmidt's reliance on *State v. Filipczak*, 132 Wis. 2d 208, 390 N.W.2d 110 (Ct. App. 1986), is even less persuasive. *Filipczak* did not concern the same or a related statute but instead involved a violation of § 29.33(1), STATS., which requires a commercial fishing license for any person "desiring to conduct commercial fishing operations." We concluded that "to conduct" was ambiguous as used in that statute because it could mean either "to manage" or "to lead" and thus apply only to the employer, or it could mean "to carry on" or "to do business," in which case the statute would cover employees as well. *Filipczak*, 132 Wis. 2d at 211, 390 N.W.2d at 112. Schmidt argues that because in *Jones* we used the phrase "felonious conduct, whether convicted or not" in explaining the reach of § 946.47(2)(a), STATS., *see Jones*, 98 Wis. 2d at 681, 298 N.W.2d at 101, our holding in *Filipczak* lends support to the conclusion

that the noun "act" in § 946.47(2)(a) is ambiguous. We have difficulty seeing any logic in this argument. Neither the noun "conduct" nor the verb "to conduct" appears in § 946.47(2)(a), and neither the wording nor the subject matter of the statute under consideration in *Filipczak* bears any resemblance to § 946.47(2)(a).

■

Schmidt argues that the jury instruction for this offense, WIS J I-CRIMINAL § 1790 demonstrates the ambiguity of the statute.[4] We disagree. Like the language of the statute, the jury instruction does not

---

[4] WIS J I-CRIMINAL § 1790 provides:

Aiding a felon, as defined in § 946.47(1)(a) of the Criminal Code of Wisconsin, is committed by one who with intent to prevent the apprehension of a felon, harbors or aids him.

Before you may find the defendant guilty by this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following four elements were present.

The first element requires that the defendant aided (name of person aided). To aid means to help or assist.

The second element requires that (name of person aided) was a felon.

A felon is a person who has committed a crime punishable by imprisonment in the Wisconsin state prisons. ————————— is such a crime. The facts necessary to constitute ————————— are (summarize the facts necessary to constitute the felony).

The third element requires that the defendant knew that (name of person aided) had engaged in conduct which constitutes —————————. [This requires that the defendant knew that (name person aided): (repeat facts necessary to constitute the felony.]

The fourth element requires that the defendant aided (name of person aided) with intent to prevent the apprehension of (name of person aided). This element requires that the defendant had the purpose of preventing (name of person aided) from being taken into custody by law enforcement officers or was aware that his conduct was practically certain to cause that result. [Footnotes omitted.]

In Schmidt's trial, the pattern instruction was used, modified to reflect the stipulation on the second and third elements.

suggest that the officers seeking to take the felon into custody must be seeking to apprehend the person because of conduct constituting a felony or that the defendant must intend to prevent apprehension for a felony.

Schmidt also argues that § 946.47, STATS., must be read as she suggests in order to harmonize it with § 946.46, which makes it a Class A misdemeanor to "intentionally aid or encourage a parolee or probationer . . . to abscond or violate a term or condition of parole or probation." Section 946.46, STATS. We do not see any inconsistency in the two statutes. They address different conduct—intentionally aiding or encouraging parolees or probationers to abscond or violate conditions, on the one hand, and aiding or harboring a felon with the intent to prevent apprehension, on the other. The fact that in some situations the same conduct may be a violation of both statutes does not mean they are ambiguous. *See Mack v. State*, 93 Wis. 2d 287, 298–302, 286 N.W.2d 563, 568–70 (1980) (credit crime statute and forgery statute are not ambiguous, even though the same conduct may violate both).[5]

In summary, the trial court correctly concluded that § 946.47(1)(a), STATS., does not require evidence that Joros was wanted for a felony at the time the police were seeking to apprehend him and that Schmidt knew this. Rather, the statute requires only

_____

[5] Schmidt does not contend that, either under statutory or constitutional law, she could not be prosecuted under both statues, as she was. *See* § 939.65, STATS., and *Mack v. State*, 93 Wis. 2d 287, 301, 286 N.W.2d 563, 570 (1980) (if same act satisfies elements of two different crimes, neither of which is lesser-included offense of the other, defendant may be prosecuted for either or both).

that Joros was a felon, that Schmidt knew this, that she aided him, and that she did so with the intent to prevent his apprehension. The trial court therefore correctly denied the motion to dismiss on the merits. This holding disposes of Schmidt's claim of ineffective assistance of counsel: even if counsel were deficient in not bringing the pretrial motion to dismiss sooner, Schmidt was not prejudiced by that delay since denial of the motion on the merits was proper. *See State v. Sanchez*, 201 Wis. 2d 219, 224, 236, 548 N.W.2d 69, 71, 76 (1996) (to prevail on ineffective assistance of counsel claim, defendant must show both deficient performance and that, but for deficient performance, there is a reasonable probability that outcome would have been different).

Our construction of § 946.47(1)(a), STATS., also disposes of Schmidt's claim that the evidence was insufficient to convict her of the charge of aiding a felon. Her challenge to the sufficiency of the evidence is premised on her claim that the trial court incorrectly interpreted the statute, and we have held that it did not.

*By the Court.*—Judgment and order affirmed.